UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| LEANNE SEELEY and SCOTT SEELEY, husband and wife,<br><br>Plaintiffs,<br><br>v.<br><br>BLUE RAVEN SOLAR, LLC, a Utah limited liability company; COMPLETE SOLAR, INC., a California corporation; SUNSTRONG MANAGEMENT LLC, a Texas limited liability company; and JOHN DOES 1-10,<br><br>Defendants. | Case No.<br><br>NOTICE OF REMOVAL BY DEFENDANT COMPLETE SOLAR, INC. |

**To:** Clerk, United States District Court for the Western District of Washington;

**And To:** Plaintiffs, Leanne Seeley and Scott Seeley, *Pro se*;

**And To:** All other parties of record and their attorneys

**PLEASE TAKE NOTICE** that Defendant Complete Solar, Inc. ("Complete Solar"), by and through its undersigned counsel, hereby removes Case No. 25-2-12064-9, commenced in the Superior Court of the State of Washington for Pierce County ("State Court"), to the United States District Court for the Western District of Washington (Tacoma Division),



K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

pursuant to 28 U.S.C. §§ 1331, 1332, 1441, and 1446. In support of this removal, Complete Solar states as follows:[1]

1. On or about October 7, 2025, Plaintiffs Leanne Seeley and Scott Seeley ("Plaintiffs") filed a complaint against Complete Solar (and Defendants Blue Raven Solar, LLC and SunStrong Management LLC) captioned *Seeley v Blue Raven Solar, LLC et al*. (the "State Court Case"). The Summons and Complaint invoke the jurisdiction of the Pierce County Superior Court. A true copy of the operative Complaint is attached as **Exhibit A** ("Complaint").

2. Plaintiffs filed an Affidavit of Service in the State Court Case stating that on October 24, 2025, Plaintiffs served a copy of the Summons and Complaint of the State Court Case on a Manager of SunStrong Management, LLC.

3. Plaintiffs filed an Affidavit of Service in the State Court Case stating that on October 21, 2025, Plaintiffs served a copy of the Summons and Complaint of the State Court Case on Blue Raven Solar, LLC.

4. Complete Solar has not been properly served with a copy of the Summons and Complaint of the State Court Case, and Plaintiffs have not filed an Affidavit of Service with the State Court purporting to have accomplished service on Complete Solar.

5. This Notice of Removal is timely under 28 U.S.C. § 1446(b), as it is filed and served within thirty (30) days of Complete Solar's receipt of the Summons and Complaint.

---

[1] Complete Solar expressly preserves all objections under Federal Rule of Civil Procedure Rule 12(b). *See* Charles A. Wright & Arthur R. Miller, *Federal Practice & Procedure* § 1395 (3d ed. 2002) ("When a defendant removes an action from a state court in which he has been sued, he consents to nothing and 'waives' nothing; he is exercising a privilege unconditionally conferred by statute, and, since the district court to which he must remove it is fixed by law, he has no choice, without which there can be no 'waiver.'") (quoting *Greenburg v. Gianni*, 140 F.2d 550, 553 (2d Cir. 1944)).



K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

## JURISDICTION

6. 28 U.S.C. § 1441(a) provides that any civil action brought in a state court of which the district courts of the United States have original jurisdiction, may be removed by the defendant to the district court of the United States for the district and division embracing the place where such action is pending.

7. This case is properly removed to this Court under 28 U.S.C. § 1441(a) because this Court has original jurisdiction pursuant to 28 U.S.C. § 1332 in that Plaintiffs' action meets all requirements for diversity jurisdiction, and pursuant to 28 U.S.C. §§ 1331 and 1367, because Plaintiffs plead claims arising under the laws of the United States and state law claims over which this Court has supplemental jurisdiction.

8. ***Diversity Jurisdiction.*** This Court has jurisdiction under 28 U.S.C. § 1332 because this case is between parties with complete diversity and the amount in controversy exceeds $75,000.

9. Citizenship of Plaintiffs. For diversity purposes, an individual is a citizen of the State in which he or she is domiciled. *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983). Here, Plaintiffs allege that they are residents of the State of Washington. Compl. ¶ 2.1. Plaintiffs are additionally citizens of the State of Washington. *See Lew v. Moss*, 797 F.2d 747, 751 (9th Cir. 1986) (allegations of residency in state court complaint can create a rebuttable presumption of domicile supporting diversity of citizenship).

10. Citizenship of Defendants.

a. Complete Solar, Inc. A corporation is a citizen of the state in which it has been incorporated and the state of its principal place of business. 28 U.S.C.



K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

§ 1332(c)(1). Complete Solar, Inc. is a Delaware corporation with its principal place of business in Utah. Therefore, Complete Solar, Inc. is a citizen of Delaware and Utah.

b. Blue Raven Solar, LLC. A limited liability company is a citizen of every state of which its owners and members are citizens. *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). According to the Voluntary Petition for Non-Individuals Filing for Bankruptcy filed in the BRS Bankruptcy (defined below) at Docket 1 at 6, 17, Blue Raven Solar, LLC is a Manager-Managed Limited Liability Company, and 100% of its equity interests are held by Blue Raven Solar Holdings, LLC. Therefore, upon information and belief, the sole member of Blue Raven Solar, LLC is Blue Raven Solar Holdings, LLC. According to the Voluntary Petition for Non-Individuals Filing for Bankruptcy filed in *In Re Blue Raven Solar Holdings, LLC*, Case 24-11660, Bankr. D. Del., at Docket 1 at 6, 17, Blue Raven Solar Holdings, LLC is a Manager-Managed Limited Liability Company, and 100% of its equity interests are held by Falcon Acquisition HoldCo, Inc. Therefore, upon information and belief, the sole member of Blue Raven Solar Holdings, LLC is Falcon Acquisition HoldCo, Inc. Upon information and belief, Falcon Acquisition HoldCo, Inc. is a Delaware corporation with its principal place of business in California. Therefore, Blue Raven Solar, LLC is a citizen of Delaware and California. However, as set forth in paragraphs 12 through 16, the citizenship of Blue Raven Solar, LLC must be disregarded because it has been improperly joined in this case.



K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

c. SunStrong Management, LLC. Upon information and belief, SunStrong Management, LLC is a limited liability company and any of its members are citizens of Delaware, Maryland, and California.

11. Because Plaintiffs are citizens of Washington, and Defendants are citizens of (collectively) Delaware, Utah, Maryland, and California, complete diversity exists between Plaintiffs and Defendants.

12. Improper joinder of Blue Raven Solar, LLC. A non-diverse defendant that has been improperly joined is disregarded when establishing diversity jurisdiction. *United Comput. Sys., Inc. v. AT&T Corp.*, 298 F.3d 756, 761 (9th Cir. 2002). A defendant has been improperly (or "fraudulently") joined "[i]f the plaintiff fails to state a cause of action against" him and "the failure is obvious according to the settled rules of the state." *McCabe v. Gen. Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987).

13. Blue Raven Solar, LLC, is a debtor in a Chapter 11 Bankruptcy, Case No. 24-11659-CTG (the "BRS Bankruptcy"). The Blue Raven Solar LLC Bankruptcy was commenced by filing a Voluntary Petition for Non-Individuals Filing for Bankruptcy (the "Petition") on August 5, 2024, in the United States Bankruptcy Court for the District of Delaware. The BRS Bankruptcy was then jointly administered with the bankruptcies of other debtors in *In re Sunpower Corporation et al.*, Case No. 24-11649-CTG ("Sunpower Bankruptcy").

14. In the Sunpower Bankruptcy, the Bankruptcy Court confirmed an Amended Joint Chapter 11 Plan of SunPower Corporation and its Debtor Affiliates (one of whom was Blue Raven Solar, LLC) on October 18, 2024. (Docket 872). The Bankruptcy Court additionally entered an Order (A) Approving and Authorizing Sale of the Going-Concern Assets, Free and Clear of All Liens, Claims, Encumbrances, and Other Interests, (B) Approving the Assumption and Assignment of Certain Executory Contracts and



K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

Unexpired Leases, and (C) Granting Related Relief (Docket 605). These orders discharged Blue Raven Solar, LLC from all pre-petition liability.

15. Plaintiffs bring a pre-petition claim, by alleging that they entered into their contract with Blue Raven Solar, LLC on or about January 18, 2024. If they were to file a claim against Blue Raven Solar, LLC, they had to have done so in the Sunpower Bankruptcy. Upon information and belief, the claim bar date in the Sunpower Bankruptcy (applicable to claims against Blue Raven Solar, LLC) has passed without Plaintiffs filing any claim in the Sunpower Bankruptcy.

16. Because Plaintiffs' claim against Blue Raven Solar, LLC is subject to dismissal as a matter of law and this result is obvious under federal bankruptcy law, Blue Raven Solar, LLC has been improperly joined and it should be disregarded for the purpose of establishing diversity jurisdiction.

17. Amount in Controversy. Plaintiffs seek "compensatory damages in an amount no less than $203,000," Compl. at XI.4, in addition to other monetary and nonmonetary relief. Because Plaintiffs seek an amount in excess of $75,000, the amount in controversy is satisfied.

18. ***Federal Question Jurisdiction***. This Court additionally has jurisdiction under 28 U.S.C. §§ 1331 and 1367, because Plaintiffs plead claims arising under the laws of the United States and state law claims over which this Court has supplemental jurisdiction.

19. The Complaint's Third Cause of Action alleges that all defendants violated the Truth in Lending Act (TILA), 15 U.S.C. § 1638. Because the Third Cause of Action arises under the laws of the United States, this Court has federal question jurisdiction over this cause of action. *See also Singh v. Am. Honda Finance Corp.*, 925 F.3d 1053, 1070 (9th Cir. 2019)



K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

(district court had federal question jurisdiction after plaintiff amended complaint to allege violation of TILA).

20. The Complaint's Sixth Cause of Action alleges that defendant SunStrong Management, LLC violated the Fair Credit Billing Act, 15 U.S.C. § 1666 et seq. Because the Sixth Cause of Action arises under the laws of the United States, this Court has federal question jurisdiction over this cause of action. *See also Roundtree v. Chase Bank USA, N.A.*, 2013 WL 12073442, *1–2 (W.D. Wash. April 13, 2013) (denying motion to remand case alleging violation of Fair Credit Billing Act and state law claims).

21. The other four Causes of Action arise under Washington law. This Court has supplemental jurisdiction over the state law Causes of Action because they are "so related to the claims in the action within [this Court's] original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). "Put another way, a federal court 'has supplemental jurisdiction over state-law claims sharing a common nucleus of operative facts with the federal-law ones.'" *Low v. Experian Information Solutions, Inc.*, 2025 WL 2298541, *1 n.2 (W.D. Wash. Aug. 8, 2025) (quoting *Royal Canin U.S.A., Inc. v. Wullschleger*, 604 U.S. 22, 31 (2025)).

22. Here, Plaintiffs' state and federal claims share a common nucleus in alleging that Defendants "engaged in a pattern of deceptive sales practices to induce Plaintiffs into entering a solar installation contract, including overstating energy savings, failing to honor reimbursement promises, concealing payment escalations, and providing false information that caused Plaintiffs to lose a home sale opportunity." Compl. ¶ 1.2. The TILA claim arises from alleged "hidden fees and inadequate disclosures" in connection with the sale of solar energy



K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

equipment, and the Fair Credit Billing Act alleges that defendant SunStrong Management, LLC failed to correct billing errors related to Plaintiffs' purchase of that equipment. The state law claims for common law fraud, breach of contract, violation of the Washington Consumer Protection Act (CPA), and violation of the Washington Solar Energy Consumer Protection Act similarly allege wrongdoing in the sale of the solar equipment and collection of amounts due for the purchase. *See* Compl. ¶ 5.2 (alleging common law fraud; "Defendants made material misrepresentations and omissions regarding the solar system's performance, reimbursement promises, payment terms, and other aspects of the contract . . .."); *id.* ¶ 6.3 (alleging breach of contract; "Defendants breached the contract by failing to deliver the promised performance, honoring reimbursements, and providing accurate information, among other obligations."); *id.* ¶ 8.2 (alleging violation of the CPA; claiming "deceptive practices in solar sales"); *id.* ¶ 9.2 (alleging violation of Washington Solar Energy Consumer Protections Act, "Defendants failed to provide accurate disclosures of costs, fees, performance guarantees, and payment schedules, rendering the contract unenforceable[,]" which Plaintiffs also allege is a per se violation of the CPA).

23. Consequently, this Court has federal question jurisdiction over the Second and Sixth Causes of Action, and supplemental jurisdiction over the remaining state law claims (First, Third, Fourth, and Fifth Causes of Action.)

**PROCEDURAL COMPLIANCE**

24. Pursuant to 28 U.S.C. § 1441 *et seq.*, the right exists to remove this case from the State Court to the United States District Court for the Western District of Washington, which embraces the place where the action is pending.



K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

25. The United States District Court for the Western District of Washington embraces the county in which the state court action is now pending and thus, this Court is a proper venue for this action pursuant to 28 U.S.C. § 128(b). Because the State Court from which this case is being removed is Pierce County Superior Court, this case is assigned to the Tacoma Division.

26. No previous application has been made for the relief requested herein.

27. On November 10, 2025, Defendant SunStrong Management, LLC, consented to Complete Solar removing this case to the United States District Court for the Western District of Washington. On November 12, 2025, SunStrong Management, LLC, through its counsel, again consented to Complete Solar removing this case to the United States District Court for the Western District of Washington. On November 10, 2025, despite being improperly joined, Defendant Blue Raven Solar, LLC consented to Complete Solar removing this case to the United States District Court for the Western District of Washington, strictly without prejudice to all of Blue Raven Solar, LLC's rights to assert that this case is void *ab initio* as to Blue Raven Solar, LLC based on its August 5, 2024 chapter 11 bankruptcy filing in the United States Bankruptcy Court for the District of Delaware.

28. Written notice of the filing of this Notice of Removal will be served upon Plaintiffs as required by law.

29. A true copy of this Notice of Removal will be filed with the clerk of the State Court, as required by law, and served upon Plaintiffs.

30. Pursuant to W.D. Wash. Local Civil Rule 101(c), within 14 days of filing this Notice of Removal, Complete Solar will file with the Clerk of this court all additional records



K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

and proceedings in the State Court, together with counsel's verification that they are true and complete copies of all the records and proceedings in the State Court proceeding.

**RESERVATION OF RIGHTS**

31. Nothing in this Notice of Removal is intended to waive any defense, nor does it waive any defense, including but not limited to defenses stated in Federal Rule of Civil Procedure 12(b), defenses on the merits, and defenses to claims for potential damages by Plaintiffs or any other individual.

WHEREFORE, Complete Solar respectfully gives notice that the above-entitled action is removed from the Pierce County Superior Court to the United States District Court for the Western District of Washington, Tacoma Division.

DATED November 17, 2025.

K&L GATES LLP

By: s/ Peter A. Talevich
Peter A. Talevich, WSBA #42644

By: s/ Aidan D. McCarthy
Aidan D. McCarthy, WSBA #63808

925 Fourth Ave., Suite 2900
Seattle, WA 98104-1158
Telephone: (206) 623-7580
Email: peter.talevich@klgates.com
aidan.mccarthy@klgates.com

*Attorneys for Complete Solar, Inc.*

**CERTIFICATE OF ECF FILING AND SERVICE**

I certify that on November 17, 2025, I arranged for electronic filing of the foregoing document with the Clerk of the Court using the CM/ECF system. Copies of the foregoing are being provided by e-mail and U.S. Mail to the following parties:

Leanne Seeley
Scott Seeley
9215 198th Street Court E
Graham, WA 98338
Telephone: (360) 878-2626
Email: SSeeley0419@gmail.com

*Plaintiffs, Pro se*

Glen E. Bowen, WSBA #48892
Joseph F. Martin, WSBA #52956
Clement & Drotz PLLC
4205 148th Avenue NE, Suite 201
Bellevue, WA 98007
Telephone: (206) 448-2565
Email: gbowen@clementdrotz.com
Email: jmartin@clementdrotz.com

*Attorneys for Defendant SunStrong Management, LLC*

DATED November 17, 2025 at Seattle, Washington.

s/ Peter A. Talevich
Peter A. Talevich, WSBA #42644
K&L Gates LLP
925 Fourth Avenue Suite 2900
Seattle, WA 98104
Telephone: (206) 623-7580
Email: peter.talevich@klgates.com