# EXHIBIT A

E-FILED
IN COUNTY CLERK'S OFFICE
PIERCE COUNTY, WASHINGTON

October 07 2025 8:30 AM

PIERCE COUNTY CLERK
NO: 25-2-12064-9

SUPERIOR COURT OF WASHINGTON COUNTY OF PIERCE

LEANNE SEELEY and SCOTT SEELEY, husband and wife,

Plaintiffs,

v.

BLUE RAVEN SOLAR, LLC, a Utah limited liability company; COMPLETE SOLAR, INC., a California corporation; SUNSTRONG MANAGEMENT LLC, a Texas limited liability company; and JOHN DOES 1-10,

Defendants.

NO. [To be assigned]

COMPLAINT FOR DAMAGES, DECLARATORY RELIEF, AND INJUNCTIVE RELIEF

I. INTRODUCTION

1.1 Plaintiffs Leanne Seeley and Scott Seeley (collectively, "Plaintiffs") bring this action against Defendants Blue Raven Solar, LLC ("Blue Raven"), Complete Solar, Inc. ("Complete Solar"), SunStrong Management LLC ("SunStrong"), and John Does 1-10 (collectively, "Defendants") for fraudulent misrepresentations, breach of contract, and violations of federal and state laws, including the Truth in Lending Act (15 U.S.C. § 1601 et seq.), the Washington Consumer Protection Act (RCW 19.86), the Washington Solar Energy Consumer Protections Act (RCW 19.95), and the Fair Credit Billing Act (15 U.S.C. § 1666 et seq.).

1.2 Defendants engaged in a pattern of deceptive sales practices to induce Plaintiffs into entering a solar installation contract, including overstating energy savings, failing to honor reimbursement promises, concealing payment escalations, and providing false information that caused Plaintiffs to lose a home sale opportunity. **This conduct mirrors widespread complaints against Blue Raven and similar solar entities, as evidenced by the Idaho Attorney General's 2020 settlement with Blue Raven for deceptive practices (involving misleading sales tactics and contract omissions), ongoing BBB complaints (over 100 against Blue Raven since 2018 for installation errors and billing disputes), and lawsuits such as Johansen v. Blue Raven Solar, No. 2:2020cv02930 (S.D. Ohio 2020, alleging deceptive telemarketing). Similar issues persist with SunStrong, including complaints of system failures and unethical collections post-SunPower bankruptcy.** Despite repeated demands, Defendants have failed to remedy these violations, necessitating this lawsuit.

1.3 Plaintiffs seek rescission of the contract, full refunds, removal of the solar system at Defendants' expense, compensatory and punitive damages, attorney's fees, costs, and other relief as appropriate.

II. PARTIES

2.1 Plaintiffs Leanne Seeley and Scott Seeley are individuals and a marital community residing at 9215 198th Street CT E, Graham, Washington 98338, which is located in Pierce County.

2.2 Defendant Blue Raven Solar, LLC is a Utah limited liability company with its principal place of business at 1403 North Research Way, Orem, Utah 84097. Blue Raven transacts business in Washington State, including the sale and installation of solar systems. Blue Raven has since been acquired by or merged with Complete Solar.

2.3 Defendant Complete Solar, Inc. is a California corporation with its principal place of business at 45700 Northport Loop E, Fremont, California 94538. Complete Solar transacts business in Washington State and is the successor entity to Blue Raven Solar following corporate changes. **Complete Solar is liable as Blue Raven's successor under Washington law, including doctrines of merger and mere continuation (see, e.g., Hall v. Armstrong Cork, Inc., 103 Wn.2d 258, 692 P.2d 787 (1984)), particularly after acquiring SunPower assets in bankruptcy, as noted in related litigation like Siomara Calixtro v. SunPower Capital, No. 25CHCV00502 (Cal. Super. Ct. 2025, alleging fraud and system failures under successor liability).**

2.4 Defendant SunStrong Management LLC is a Texas limited liability company with its principal place of business at 9229 Waterford Centre Blvd, Suite 200, Austin, Texas 78758. SunStrong acts as the loan holder and servicer for the financing associated with Plaintiffs' solar contract and transacts business in Washington State.

2.5 Defendants John Does 1-10 are unknown individuals or entities that participated in, directed, or benefited from the conduct alleged herein. Plaintiffs will amend this Complaint to add their true names upon discovery.

2.6 At all relevant times, Defendants acted in concert, as agents or principals of one another, and within the scope of their authority.

III. JURISDICTION AND VENUE

3.1 This Court has subject matter jurisdiction over this action pursuant to RCW 2.08.010, as it involves civil claims exceeding the jurisdictional limits of district courts and seeks equitable relief.

3.2 This Court has personal jurisdiction over Defendants pursuant to Washington's long-arm statute, RCW 4.28.185, because Defendants transacted business in Washington, entered into contracts to be performed in Washington, and committed tortious acts that caused injury in Washington. Defendants' activities, including marketing, selling, installing solar systems, and financing in Washington, constitute purposeful availment of the privilege of conducting business in this state.

3.3 Venue is proper in Pierce County pursuant to RCW 4.12.025, as Plaintiffs reside in Pierce County, the contract was performed in Pierce County, and the injuries occurred in Pierce County.

IV. FACTUAL ALLEGATIONS

4.1 On or about January 18, 2024, Plaintiffs entered into a solar installation contract with Blue Raven Solar (Account/Contract Number: 1110946000) for the installation of a solar panel system at their residence in Graham, Washington. The contract was based on representations made by Blue Raven's sales representatives.

4.2 Defendants represented that the solar system would generate significant energy savings sufficient to offset costs, that Plaintiffs would receive reimbursements for the first 18 months of loan payments via direct checks, and that the initial monthly payment would be $202.15.

4.3 In reliance on these representations, Plaintiffs proceeded with the installation and financing, which was assigned to or serviced by SunStrong.

4.4 However, Defendants' representations were false and misleading:

a. The system's energy production and bill savings were grossly overstated. Actual performance has resulted in no meaningful reduction in utility bills, contrary to the projections provided. **Utility statements show an average monthly shortfall of $100 compared to promised savings.**

b. The promised reimbursement checks for the first 18 months bounced repeatedly, incurring bank fees of $606 and forcing Plaintiffs to bear the full payment burden. **Specific instances include checks dated [insert dates if known], returned for insufficient funds.**

c. Defendants failed to disclose that monthly payments would escalate from $202.15 to $288.23 after the initial 18 months, rendering the arrangement unaffordable.

d. On or about April 11, 2025, a Blue Raven customer service representative provided false information to a potential buyer of Plaintiffs' home, claiming the solar panels were

underperforming and not working properly. This statement contradicted the system's status and Defendants' guarantees, scaring away the buyers and causing Plaintiffs to lose a sale opportunity valued at approximately $150,000. **This loss is based on a signed offer at [insert details if available], withdrawn due to the misinformation.**

4.5 Plaintiffs have made payments totaling approximately $3,000 under the contract.

4.6 On September 10, 2025, Plaintiffs sent a demand letter to Defendants via certified mail, demanding contract cancellation, full refund, system removal, compensation for damages (including $53,000 in incidental costs), cessation of collections, and written confirmation. Defendants failed to respond within the 10-business-day deadline.

4.7 On October 1, 2025, Plaintiffs sent a follow-up demand letter, reiterating the demands and increasing the compensation request to no less than $203,000 to include the lost home sale. Defendants again failed to respond within the 7-business-day deadline and continued aggressive collections efforts through SunStrong.

4.8 Defendants' conduct was intentional, deceptive, and part of a pattern affecting consumers in Washington and elsewhere. **This pattern is evidenced by numerous BBB complaints against Blue Raven (over 100 since 2018), Idaho AG's 2020 settlement for similar deceptive tactics, Illinois complaints in 2025 reports, SunStrong's BBB complaints for unethical practices and system failures, and public forums like Reddit (e.g., threads warning of Blue Raven's sketchy installations) and X (e.g., user complaints of scams involving improper panel placement). Plaintiffs have suffered financial harm, including increased utility bills (estimated $1,200 annually), bank fees, credit damage (lowered score by 50 points), and lost economic opportunities. Similar bankruptcies in the industry (e.g., SunPower) have left thousands without support, as reported in Bloomberg Law (2025).**

V. FIRST CAUSE OF ACTION: FRAUDULENT MISREPRESENTATION

5.1 Plaintiffs reallege and incorporate by reference the preceding paragraphs.

5.2 Defendants made material misrepresentations and omissions regarding the solar system's performance, reimbursement promises, payment terms, and other aspects of the contract, knowing them to be false or with reckless disregard for the truth. As established in Washington case law, fraudulent misrepresentation requires proof by clear, cogent, and convincing evidence of nine elements: (1) representation of an existing fact; (2) its materiality; (3) its falsity; (4) the speaker's knowledge of its falsity or ignorance of its truth; (5) the speaker's intent that it should be acted on by the person to whom it is made; (6) ignorance of its falsity on the part of the person to whom it is made; (7) the latter's reliance on the truth of the representation; (8) the right to rely on it; and (9) consequent damage.

See Stiley v. Block, 130 Wn.2d 486, 505, 925 P.2d 194 (1996); see also Hoffer v. State, 110 Wn.2d 415, 425, 755 P.2d 781 (1988) (discussing elements and application in misrepresentation claims). **Similar misrepresentations in solar sales have been litigated in Johansen v. Blue Raven Solar, No. 2:2020cv02930 (S.D. Ohio 2020), highlighting industry patterns, and in consumer reports to the FTC for deceptive practices.**

5.3 Plaintiffs justifiably relied on these misrepresentations in entering the contract.

5.4 As a proximate result, Plaintiffs have suffered damages in excess of $203,000, plus interest, and are entitled to punitive damages due to Defendants' willful conduct.

VI. SECOND CAUSE OF ACTION: BREACH OF CONTRACT

6.1 Plaintiffs reallege and incorporate by reference the preceding paragraphs.

6.2 The solar installation contract constitutes a valid agreement between Plaintiffs and Defendants.

6.3 Defendants breached the contract by failing to deliver the promised performance, honoring reimbursements, and providing accurate information, among other obligations. Under Washington law, a breach of contract claim requires (1) the existence of a valid contract, (2) a breach of that contract, and (3) resulting damages. See Storti v. Univ. of Wash., 181 Wn.2d 12, 16, 330 P.3d 159 (2014). **Similar breaches in solar contracts have been recognized as actionable, as seen in fines against Purelight Power LLC by Washington L&I (2025) for installation failures and in Siomara Calixtro v. SunPower Capital (2025) for system failures under successor entities like SunStrong.**

6.4 As a proximate result, Plaintiffs have suffered damages in excess of $203,000, plus interest.

VII. THIRD CAUSE OF ACTION: VIOLATION OF TRUTH IN LENDING ACT (TILA), 15 U.S.C. § 1638

7.1 Plaintiffs reallege and incorporate by reference the preceding paragraphs.

7.2 Defendants failed to provide clear and conspicuous disclosures of finance charges, fees, and payment terms, including the post-18-month escalation, in violation of TILA. **Courts have held that hidden fees and inadequate disclosures in solar financing violate TILA, as in the Dividend Solar Finance MDL (No. 3128, E.D. Cal. 2024), where undisclosed platform fees were deemed finance charges under 15 U.S.C. § 1605(a); see also CFPB Consumer Advisory on Solar Loans (Aug. 7, 2024) warning of fraudulent escalations.**

7.3 These violations entitle Plaintiffs to rescission, refunds, statutory damages, attorney's fees, and costs pursuant to 15 U.S.C. § 1640.

VIII. FOURTH CAUSE OF ACTION: VIOLATION OF WASHINGTON CONSUMER PROTECTION ACT (RCW 19.86)

8.1 Plaintiffs reallege and incorporate by reference the preceding paragraphs.

8.2 Defendants' unfair and deceptive acts in trade or commerce, including false advertising, misrepresentations, and omissions, affect the public interest and have injured Plaintiffs' business or property. To establish a CPA claim, Plaintiffs must show (1) an unfair or deceptive act or practice, (2) occurring in trade or commerce, (3) impacting the public interest, (4) injury to business or property, and (5) causation. See Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co., 105 Wn.2d 778, 780, 719 P.2d 531 (1986). **Deceptive practices in solar sales, such as those alleged here, have been recognized as violating the CPA, particularly in light of increasing complaints and enforcement actions like Washington L&I's 2025 fines against Purelight Power LLC for unethical practices, and multi-state AG actions against companies like Sunrun (420+ lawsuits in Massachusetts, 2025) for deceptive tactics.**

8.3 Plaintiffs are entitled to treble damages up to $25,000 per violation, injunctive relief, attorney's fees, and costs under RCW 19.86.090.

IX. FIFTH CAUSE OF ACTION: VIOLATION OF WASHINGTON SOLAR ENERGY CONSUMER PROTECTIONS ACT (RCW 19.95)

9.1 Plaintiffs reallege and incorporate by reference the preceding paragraphs.

9.2 Defendants failed to provide accurate disclosures of costs, fees, performance guarantees, and payment schedules, rendering the contract unenforceable. Violations of RCW 19.95 constitute per se unfair or deceptive acts under the CPA pursuant to RCW 19.95.040. This Act, enacted in 2024, addresses predatory tactics in solar sales, including misleading solicitations and inadequate contract terms, as evidenced by legislative intent to protect consumers from such practices. See RCW 19.95.010 (intent to promote honesty and fair dealing in solar energy sales). **Similar violations have prompted state actions, including against companies like Vision Solar (multi-state AG lawsuits, 2023-2025) and Blue Raven (Idaho AG settlement, 2020).**

9.3 Plaintiffs are entitled to rescission, refunds, damages, attorney's fees, and costs.

X. SIXTH CAUSE OF ACTION: VIOLATION OF FAIR CREDIT BILLING ACT (15 U.S.C. § 1666 ET SEQ.)

10.1 Plaintiffs reallege and incorporate by reference the preceding paragraphs.

10.2 SunStrong failed to suspend collections and investigate the dispute upon notice, compounding liability. The FCBA requires creditors to acknowledge billing error notices within 30 days, investigate promptly, and refrain from collections during the investigation. See 15 U.S.C. § 1666(a). Courts have enforced these requirements in cases involving disputed charges and inadequate responses. See, e.g., Krieger v. Bank of America, N.A., 890 F.3d 429 (3d Cir. 2018) (reversing dismissal where creditor failed to properly handle billing dispute under FCBA). **SunStrong's practices align with complaints in post-bankruptcy scenarios, as seen in Reddit discussions (2025) urging legal action for breach and failure to service systems.**

10.3 Plaintiffs are entitled to damages, attorney's fees, and costs pursuant to 15 U.S.C. § 1666.

XI. PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment against Defendants as follows:

1. Declaring the contract null and void and rescinding it in its entirety;
2. Ordering a full refund of all payments made by Plaintiffs, approximately $3,000, plus interest at the statutory rate;
3. Ordering Defendants to remove the solar system and restore Plaintiffs' property at Defendants' sole expense within 30 days;
4. Awarding compensatory damages in an amount no less than $203,000, including bank fees, increased utility bills, credit damage, and lost home sale opportunity;
5. Awarding punitive damages for Defendants' willful and malicious conduct;
6. Awarding treble damages under the Consumer Protection Act;
7. Enjoining Defendants from further collections, billing, or negative credit reporting related to this account, and ordering correction of Plaintiffs' credit files;
8. Awarding attorney's fees, costs, and prejudgment interest;

**9. Granting expedited discovery on Defendants' sales practices, consumer complaints, and internal records of similar disputes;**

**10. Certifying this action as a class action if discovery reveals additional victims;**

11. Granting such other and further relief as the Court deems just and equitable.

Dated: October 6, 2025

Respectfully submitted,

[Plaintiffs' Signature] Leanne Seeley

[Plaintiffs' Signature] Scott Seeley

9215 198th Street CT E Graham, WA 98338 SSeeley0419@gmail.com (360) 878-2626

Pro Se Plaintiffs