UNITED STATES DISTRICT COURT WESTERN DISTRICT OF WASHINGTON AT TACOMA

LEANNE SEELEY and SCOTT SEELEY, husband and wife,

Plaintiffs,

v.

BLUE RAVEN SOLAR, LLC, a Utah limited liability company; COMPLETE SOLAR, INC., a California corporation; SUNSTRONG MANAGEMENT LLC, a Texas limited liability company; and JOHN DOES 1–10,

Defendants.

Case No. 3:25-cv-06032

# FIRST AMENDED COMPLAINT FOR DAMAGES, DECLARATORY RELIEF, AND INJUNCTIVE RELIEF (STATE-LAW CLAIMS ONLY)

Plaintiffs Leanne Seeley and Scott Seeley ("Plaintiffs") allege as follows:

## I. INTRODUCTION

1.1 This case arises out of a deceptive solar sales and financing scheme by Defendants Blue Raven Solar, LLC ("Blue Raven"), Complete Solar, Inc. ("Complete Solar"), SunStrong Management LLC ("SunStrong"), and related parties.

1.2 Defendants targeted Plaintiffs with aggressive door-to-door sales tactics, misrepresented projected savings, concealed material financing terms, and failed to honor reimbursement obligations, all in violation of Washington common law and statutes including the Washington Consumer Protection Act (RCW 19.86) and the Washington Solar Consumer Protection Act (RCW 19.95 et seq.).

1.3 Defendants' conduct is not an isolated one-off transaction but part of a broader pattern of deceptive solar practices, including overstated savings, unclear financing terms, and mishandled "reimbursement check" promotions that leave homeowners paying more than promised.

1.4 Plaintiffs bring this First Amended Complaint to assert only Washington state-law claims. Plaintiffs expressly withdraw and disclaim any cause of action arising under federal law and seek rescission, restitution, damages, and injunctive relief under Washington common law and statutes.

## II. PARTIES

2.1 Plaintiffs Leanne Seeley and Scott Seeley are a married couple who, at all times relevant, owned the real property commonly known as 9215 198th Street Ct E, Graham, Washington 98338 (the “Property”), located in Pierce County, Washington.

2.2 Defendant Blue Raven Solar, LLC is a Utah limited liability company with its principal place of business in Utah. Blue Raven transacts business in Washington, including the sale and installation of residential solar systems.

2.3 Defendant Complete Solar, Inc. is a California corporation with its principal place of business in California. Upon information and belief, Complete Solar acquired Blue Raven or certain of its assets and obligations and acts as Blue Raven’s successor with respect to Plaintiffs’ solar contract and related obligations, under doctrines including merger, de facto merger, and mere continuation.

2.4 Defendant SunStrong Management LLC is a Texas limited liability company that acts as the owner, assignee, and/or servicer of the financing associated with Plaintiffs’ solar contract. SunStrong transacts business in Washington by servicing and collecting on solar-financing accounts for Washington homeowners.

2.5 Defendants John Does 1–10 are individuals and/or entities whose identities are presently unknown who participated in, directed, or benefited from the conduct alleged herein. Plaintiffs will amend this Complaint to identify them once their identities are discovered.

2.6 At all relevant times, Defendants acted as agents, apparent agents, alter egos, joint venturers, and/or co-conspirators of one another, and each is liable for the acts and omissions of the others.

III. JURISDICTION AND VENUE

3.1 This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1331, as the original complaint asserted federal claims, although Plaintiffs now amend to assert only state-law claims and concurrently move for remand.

3.2 This Court has personal jurisdiction over Defendants under Washington’s long-arm statute, RCW 4.28.185, because Defendants transacted business in Washington; entered into a contract for solar installation and financing to be performed in Washington; and committed tortious acts causing injury in Washington.

3.3 Venue is proper in this district pursuant to 28 U.S.C. § 1441(a), as the state court action was filed in Pierce County, which is within this district. However, Plaintiffs seek remand to Pierce County Superior Court.

IV. FACTUAL ALLEGATIONS

A. The Sales Pitch and Contract

4.1 On or about January 18, 2024, Plaintiffs entered into a written solar installation contract with Blue Raven for the design and installation of a solar-panel system at the Property.

4.2 Blue Raven's sales representatives made multiple material representations to induce Plaintiffs to sign the contract, including but not limited to:

a. That the solar system would generate sufficient power to substantially offset Plaintiffs' monthly utility bill, producing significant net savings;

b. That Plaintiffs would receive reimbursement checks covering the first 18 months of loan payments, so that Plaintiffs would effectively "pay nothing out of pocket" during that period;

c. That the monthly payment would be approximately $202.15 and that the financing would be affordable and stable over time; and

d. That the system would be backed by strong warranties and responsive customer service if any issues arose.

4.3 Relying on these representations, Plaintiffs allowed Blue Raven to install the solar system and entered into financing that was assigned to, owned by, and/or serviced by SunStrong and/or its affiliates. Plaintiffs would not have entered into the contract or financing on the same terms absent Defendants' representations.

B. Underperformance and Reimbursement-Check Problems

4.4 After installation, Plaintiffs learned that Defendants' representations were false or misleading in several critical respects:

a. Overstated savings and performance. The system's actual energy production and bill savings were materially overstated. Utility statements show that Plaintiffs' net power costs did not meaningfully decrease and, in some months, increased relative to pre-solar bills.

b. Promised reimbursement checks did not arrive or bounced. The promised reimbursement checks for the first 18 months were not reliably funded or delivered. Multiple checks were delayed, never sent, or returned unpaid, causing bank fees and forcing Plaintiffs to cover payments out-of-pocket, even though the entire sales pitch hinged on the promise that reimbursement checks would make the early months effectively "no cost." For instance, in an email dated December 27, 2024, Blue Raven Support Lead Elise G. acknowledged misconceptions about the checks, promised to re-

issue the October check, and committed to aligning future communications. However, issues persisted, leading Plaintiff Scott Seeley to notify Blue Raven on January 3, 2025, that he had stopped payments due to Defendants' default on contractual obligations and false pretenses. Elise G. responded on January 7, 2025, advising that stopping payments required legal action and offering to connect with the legal team. Plaintiff Scott Seeley replied the same day, confirming the breach and requesting no further contact.

c. Payment escalation not clearly disclosed. Defendants failed to clearly disclose that the loan payments would escalate from about $202.15 per month to approximately $288.23 per month after the promotional period, rendering the arrangement unaffordable given the lack of savings.

4.5 Plaintiffs repeatedly contacted Blue Raven, Complete Solar, and/or SunStrong to report that reimbursement checks were missing, late, or dishonored; that the system was not delivering the promised savings; and that these issues were causing overdrafts, bank-fee charges, and financial hardship. Defendants gave shifting explanations involving "payment processing" or "integration" issues and made assurances that checks would be sent, but the problems continued.

4.6 As of the filing of this action, Plaintiffs have paid approximately $3,000 or more toward the solar loan while simultaneously incurring increased utility expenses, bank fees, and other incidental costs resulting from Defendants' failure to deliver what was promised.

C. The Blown Home Sale and the April 11, 2025 Call

4.7 In early 2025, Plaintiffs entered into a purchase and sale agreement to sell the Property. The prospective purchaser, Craig Reynolds, and his spouse were considering buying the home with the existing solar system in place.

4.8 On or about April 11, 2025, Mr. Reynolds called Blue Raven/Complete Solar's customer-service line concerning the solar system at the Property. During that call, he:

a. Provided the address, name, and phone number of the account owner and indicated he had a copy of the Home Improvement Contract ("HIC");

b. Stated he was buying a house with a $53,000 solar system and that he and his wife did not want solar panels;

c. Explained that based on the utility bills they had reviewed, they saw only a single solar credit of about $45 and otherwise "huge" power bills, and therefore believed the system was not saving any money; and

d. Asked if the panels could be moved to another home.

4.9 Instead of correcting these misconceptions or accurately explaining how the system and net metering worked in the context of Plaintiffs' bills, the Blue Raven/Complete Solar agent:

a. Told the caller to "contact the seller";

b. Read aloud from the HIC language stating that the company's "warranty and guaranty obligations cease if the System is removed and replaced for roof work or other purposes, or if the System is serviced by unauthorized service providers," and further that "the warranty and guaranty obligations also do not transfer to new properties purchased by Customer, even if Customer takes the System to the new property"; and

c. Mentioned that there was a system issue at the time of the call—specifically that the gateway was "not reporting"—without explaining that this reporting issue could affect what the buyer was seeing and without reassuring the buyer about the system's actual performance or value.

4.10 In substance, the Blue Raven/Complete Solar agent portrayed the system to the prospective buyer as a $53,000 liability that:

a. Was not producing visible savings on the utility bills they had reviewed;

b. Had warranty and guaranty protections that would cease if the system were moved or serviced by anyone else; and

c. Could not have those protections transferred to a new property, even if the customer took the system with them.

4.11 Shortly after that call, the buyers concluded they did not want to assume that solar system or its financing and withdrew from the home purchase, causing the pending sale of Plaintiffs' Property to collapse.

4.12 In a later email to Plaintiff Leanne Seeley dated April 16, 2025, a "Customer Success" representative named Chris from Complete Solar confirmed that:

a. The call occurred on April 11, 2025;

b. The caller was a prospective buyer with a copy of the HIC who was concerned that the solar system was not saving money and that the bills were high;

c. The agent reviewed and quoted the HIC warranty provision described above;

d. The agent acknowledged the gateway "not reporting" issue, which started on February 18, 2025, at 08:24 AM PST and cleared on April 13, 2025, at 02:44 PM PDT; and

e. Management had been made aware of Plaintiffs' concerns.

This written summary corroborates that Blue Raven/Complete Solar, through its own call review, understood how the system and contract had been presented to the buyer and that the call contributed to the buyer's decision to walk away.

4.13 Plaintiffs will attach the April 11, 2025 call summary email and related email chains as exhibits to this Complaint. Those emails show that Plaintiffs repeatedly told Blue Raven/Complete Solar that the buyer had been scared off by the information given during the call and that Plaintiffs suffered a blown home sale as a result, but Defendants failed to meaningfully fix the problem or compensate Plaintiffs.

4.14 Plaintiffs estimate that the failed sale cost them at least $150,000 in lost sale proceeds and related opportunity costs, in addition to the out-of-pocket expenses and fees described above.

D. Demand Letters and Ongoing Harm

4.15 On or about September 10, 2025, Plaintiffs sent a written demand letter to Defendants via certified mail, requesting cancellation of the contract, removal of the solar system, reimbursement of all payments and out-of-pocket losses (then estimated at approximately $53,000), and cessation of collection activity.

4.16 On or about October 1, 2025, after confirming that the home sale had fallen through as a direct result of Blue Raven/Complete Solar's handling of the April 11, 2025 call, Plaintiffs sent a follow-up demand letter increasing their demand to no less than $203,000 to account for the lost home sale along with the other financial harms, and again requesting rescission, system removal, and cessation of collections.

4.17 Despite this written notice and the detailed email and call documentation, Defendants failed to provide a timely or adequate response, did not rescind the contract, did not remove the system, and continued to demand and collect payments and threaten credit harm.

4.18 Defendants' actions were not isolated mistakes but are consistent with a pattern of deceptive solar sales and financing practices, including misleading savings claims, unclear financing terms, and high-pressure tactics, that have generated consumer complaints and prompted Washington to enact the Solar Consumer Protection Act (RCW 19.95).

4.19 As a direct and proximate result of Defendants' conduct—including the initial misrepresentations, the mishandled reimbursement-check program, and the mishandling of the April 11, 2025 buyer call—Plaintiffs have suffered injury to "business or property"

within the meaning of the Washington Consumer Protection Act, including but not limited to:

a. Out-of-pocket loan payments;

b. Increased utility bills;

c. Bank charges and late fees;

d. Damage to credit and creditworthiness; and

e. At least approximately $150,000 in lost home-sale proceeds, plus related incidental and consequential damages.

V. FIRST CAUSE OF ACTION FRAUDULENT MISREPRESENTATION (Against All Defendants)

5.1 Plaintiffs reallege and incorporate by reference Paragraphs 1.1 through 4.19 as though fully set forth herein.

5.2 Defendants represented to Plaintiffs existing, material facts regarding expected energy production, monthly savings, reimbursement obligations, payment terms, and the condition and performance of the solar system.

5.3 These representations were false when made, or were made with reckless disregard for their truth or falsity, including but not limited to misstatements about expected savings, the reliability and timing of reimbursement checks, and the long-term affordability of the financing.

5.4 Defendants further made or caused to be made materially misleading statements and omissions to third-party prospective buyers about the solar system and the contract during the April 11, 2025 call, including presenting the system as not saving money based on limited bill information, emphasizing harsh warranty language without context, and describing a gateway “not reporting” issue without explaining its significance—all in a manner that contradicted Defendants’ earlier sales pitch and made the system appear to be a costly liability.

5.5 Defendants made these representations and omissions with the intent that Plaintiffs rely on them in deciding whether to purchase and finance the solar system and to continue making payments, and with the knowledge that misleading prospective buyers about the system and contract could harm Plaintiffs’ ability to sell their home.

5.6 Plaintiffs did not know the representations were false and justifiably relied on them in entering into the contract and financing and in continuing to make payments and maintain the system.

5.7 Plaintiffs had a right to rely on Defendants' representations because Defendants held themselves out as knowledgeable solar and financing professionals, and the information at issue was uniquely within Defendants' knowledge and control.

5.8 As a direct and proximate result of Defendants' fraudulent misrepresentations and misleading statements—including those that contributed to the collapse of the home sale—Plaintiffs suffered damages in an amount to be proven at trial but believed to exceed $203,000, including loan payments, bank fees, increased utility costs, lost sale proceeds, and related consequential damages.

VI. SECOND CAUSE OF ACTION BREACH OF CONTRACT (Against Blue Raven, Complete Solar, and SunStrong)

6.1 Plaintiffs reallege and incorporate by reference Paragraphs 1.1 through 4.19 as though fully set forth herein.

6.2 The written solar installation contract and associated financing documents constitute valid contracts between Plaintiffs and Blue Raven and their successors, including Complete Solar and SunStrong.

6.3 Defendants breached these contracts by, among other things:

a. Failing to provide a solar system that performed as represented and produced the promised savings;

b. Failing to fund and timely deliver the promised reimbursement checks for the first 18 months of payments;

c. Imposing or enforcing payment terms and escalations that were not clearly and conspicuously disclosed at the time of contracting;

d. Failing to provide adequate repair, service, or correction in response to Plaintiffs' complaints about performance and billing; and

e. Providing or causing to be provided incorrect, incomplete, and damaging information to prospective buyers of Plaintiffs' home regarding the solar system and/or its financing, undermining the value of both the system and the Property.

6.4 As a direct and proximate result of these breaches, Plaintiffs have sustained damages in an amount to be proven at trial, including but not limited to all payments made, additional utility charges, bank fees, damage to credit, and the lost value of the failed home sale.

6.5 Plaintiffs are entitled to contract damages, consequential damages, and, where applicable, attorney's fees under any contractual fee-shifting provisions and/or under RCW 4.84 and related statutes.

VII. THIRD CAUSE OF ACTION VIOLATION OF WASHINGTON CONSUMER PROTECTION ACT (RCW 19.86) (Against All Defendants)

7.1 Plaintiffs reallege and incorporate by reference Paragraphs 1.1 through 4.19 as though fully set forth herein.

7.2 Defendants engaged in unfair and deceptive acts or practices in trade or commerce, including but not limited to:

a. Misrepresenting expected energy savings and system performance;

b. Misrepresenting and/or concealing material finance terms, including payment escalations and the true long-term cost of the system;

c. Promising reimbursement checks for initial payments as a central selling point, while repeatedly failing to send them, sending them late, or issuing checks that were dishonored, and providing shifting and misleading explanations for those failures;

d. Providing inaccurate, incomplete, and unduly negative information about the solar system and/or related obligations to prospective buyers of Plaintiffs' home—including reading the harshest warranty language without balance, failing to correct misimpressions about savings, and highlighting a gateway "not reporting" issue—in a manner that foreseeably scared off the buyers; and

e. Continuing to demand payments and threaten credit harm despite notice of serious disputes, failed reimbursements, and the damage caused by their own customer-service communications.

7.3 Defendants' acts occurred in "trade or commerce" within the meaning of RCW 19.86.010 because they involve the marketing, sale, financing, and servicing of consumer solar products and services to the public.

7.4 Defendants' acts affect the public interest, as evidenced by the nature of the practices at issue (door-to-door sales, promises of savings, reimbursement-check promotions, and call-center handling of consumer complaints) and the legislative response embodied in the Washington Solar Consumer Protection Act. Defendants' conduct has the capacity to deceive many similarly situated consumers, not just Plaintiffs.

7.5 Defendants' conduct caused injury to Plaintiffs' business or property, including but not limited to the out-of-pocket expenses and lost home-sale proceeds described above.

7.6 Plaintiffs are entitled to recover actual damages, treble damages up to $25,000, attorney's fees, and costs pursuant to RCW 19.86.090, along with injunctive and declaratory relief to halt ongoing unfair and deceptive practices.

VIII. FOURTH CAUSE OF ACTION VIOLATION OF WASHINGTON SOLAR CONSUMER PROTECTION ACT (RCW 19.95 et seq.) (Against All Defendants)

8.1 Plaintiffs reallege and incorporate by reference Paragraphs 1.1 through 4.19 as though fully set forth herein.

8.2 Defendants are "solar energy companies" or related entities engaged in the sale, design, installation, and financing of "solar energy systems" to consumers within the meaning of RCW 19.95.

8.3 Defendants violated RCW 19.95 and related implementing provisions by failing to provide clear, accurate, and complete disclosures regarding, among other things:

a. Total system cost;

b. Financing terms, including the escalation in monthly payments and the true long-term cost of the loan;

c. Expected system performance and savings, using reasonable and standardized assumptions;

d. Maintenance, warranty, and service obligations, including how warranty coverage would be affected by system removal or transfer; and

e. The allocation of risk if the system under-performed, required repairs, or proved unaffordable.

8.4 Defendants' written and oral representations and omissions did not meet the statutory requirements for solar contracts and marketing, rendering the contract unlawful and unenforceable to the extent permitted by RCW 19.95.

8.5 Violations of RCW 19.95 constitute unfair or deceptive acts or practices and provide grounds for rescission, damages, and enforcement by affected consumers.

8.6 As a result of these violations, Plaintiffs are entitled to rescission, restitution, damages, statutory remedies, and attorney's fees and costs.

IX. FIFTH CAUSE OF ACTION DECLARATORY AND INJUNCTIVE RELIEF (Against All Defendants)

9.1 Plaintiffs reallege and incorporate by reference Paragraphs 1.1 through 4.19 as though fully set forth herein.

9.2 An actual, justiciable controversy exists between Plaintiffs and Defendants regarding the validity and enforceability of the solar contract, the financing obligations, and Defendants' right to demand or collect further payments or report Plaintiffs negatively to credit bureaus.

9.3 Plaintiffs seek a declaration that:

a. The solar contract and related financing are void or voidable due to fraud, statutory violations, and/or unconscionability;

b. Defendants may not collect further payments from Plaintiffs under the disputed contract; and

c. Defendants must remove the solar system and restore the Property to its prior condition at Defendants' expense.

9.4 Plaintiffs also seek injunctive relief restraining Defendants from:

a. Collecting or attempting to collect on the disputed loan;

b. Reporting Plaintiffs as delinquent or in default to any credit bureau; and

c. Engaging in similar deceptive solar sales, financing, and complaint-handling practices toward other Washington consumers.

X. PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that the Court enter judgment in their favor and against Defendants, jointly and severally, and award the following relief:

10.1 Rescission of the solar installation and financing contract(s) and a declaration that said contracts are void or voidable;

10.2 Restitution and a full refund of all amounts Plaintiffs have paid under the solar contract and related financing, including but not limited to approximately $3,000 in payments, together with prejudgment interest;

10.3 Compensatory damages in an amount to be proven at trial, but believed to be no less than $203,000, including lost home-sale proceeds, increased utility bills, bank fees, damage to credit, and other incidental and consequential damages;

10.4 Treble damages, attorney's fees, and costs under the Washington Consumer Protection Act (RCW 19.86);

10.5 Statutory remedies, rescission, and attorney's fees and costs under the Washington Solar Consumer Protection Act (RCW 19.95 et seq.);

10.6 An order requiring Defendants to remove the solar system from Plaintiffs' Property and restore the Property to its prior condition at Defendants' sole expense within a time specified by the Court;

10.7 An injunction prohibiting Defendants from further collection efforts, billing, or negative credit reporting related to the disputed account and directing correction of Plaintiffs' credit files;

10.8 Such other and further legal and equitable relief as the Court deems just and proper.

DATED: November 18, 2025

Respectfully submitted,

Leanne Seeley, Pro Se Plaintiff Scott Seeley, Pro Se Plaintiff 9215 198th Street Ct E Graham, WA 98338 sseeley0419@gmail.com (360) 878-2626