UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

LEANNE SEELEY and SCOTT SEELEY,
husband and wife,

                    Plaintiffs,

,

        v.

BLUE RAVEN SOLAR, LLC, a Utah limited
liability company; COMPLETE SOLAR, INC.,
a California corporation; SUNSTRONG
MANAGEMENT LLC, a Texas limited
liability company; and JOHN DOES 1-10,

                    Defendants.

Case No. 3:25-cv-06032-BHS

REQUEST FOR JUDICIAL NOTICE IN
SUPPORT OF OPPOSITION TO
MOTION TO REMAND OF
DEFENDANT COMPLETE SOLAR,
INC.

**NOTE ON MOTION CALENDAR:**
December 16, 2025

Pursuant to Federal Rule of Evidence 201, Complete Solar, Inc. submits this Request for Judicial Notice in support of its contemporaneously filed Opposition to Motion to Remand and requests that the Court take judicial notice of Exhibits A and B.

The Court may take judicial notice of documents filed in other court proceedings. *Mahoney v. Holder*, 62 F. Supp. 3d 1215, 1219 (W.D. Wash. 2014) ("The Court may take judicial notice of 'proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.'"). Exhibits A and B attached to this Request for Judicial Notice were filed in *In re Blue Raven Solar, LLC*, Case No.

REQUEST FOR JUDICIAL NOTICE RE
OPPOSITION TO MOTION TO REMAND - 1

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON  98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

24-11659-CTG (Bankr. D. Del. Aug. 5, 2024) and *In re Blue Raven Solar Holdings, LLC* , Case No. 24-11660-CTG (Bankr. D. Del. Aug 5, 2024), respectively. Moreover, the Court may take judicial notice of corporate filings with a state office. *E.g.*, *DZ Bank AG Deutsche Zentral-Genossenschaftsbank v. Connect Ins. Agency*, 2016 WL 631574, \*1 n.1 (W.D. Wash. Feb. 16, 2016) (taking judicial notice of filings with Washington's Secretary of State).

Complete Solar, Inc. requests that the Court take judicial notice of the following documents:

Exhibit A: Voluntary Petition for Non-Individuals Filing for Bankruptcy, *In re Blue Raven Solar, LLC*, Case No. 24-11659-CTG (Bankr. D. Del.), Dkt. No. 1 (filed Aug. 5, 2024).

Exhibit B: Voluntary Petition for Non-Individuals Filing for Bankruptcy, *In re Blue Raven Solar Holdings, LLC*, Case No. 24-11660-CTG (Bankr. D. Del.), Dkt. No. 1 (filed Aug. 5, 2024).

Exhibit C: Entity Details from Department of State, Division of Corporations, State of Delaware for Falcon Acquisition Holdco, Inc. (accessed Dec. 8, 2025).

DATED December 9, 2025.

K&L GATES LLP

By: s/ Peter A. Talevich
    Peter A. Talevich, WSBA #42644
    Aidan D. McCarthy, WSBA #63808

    925 Fourth Ave., Suite 2900
    Seattle, WA 98104-1158
    Telephone:  (206) 623-7580
    Email: peter.talevich@klgates.com
           aidan.mccarthy@klgates.com

*Attorneys for Defendant Complete Solar, Inc.*

REQUEST FOR JUDICIAL NOTICE RE
OPPOSITION TO MOTION TO REMAND - 2

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON  98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

**<u>CERTIFICATE OF ECF FILING AND SERVICE</u>**

I certify that on December 9, 2025, I arranged for electronic filing of the foregoing document with the Clerk of the Court using the CM/ECF system and service on all parties, who are registered to receive filings through the CM/ECF system.

DATED December 9, 2025 at Seattle, Washington.

 s/ Peter A. Talevich
Peter A. Talevich, WSBA #42644
K&L Gates LLP
925 Fourth Avenue Suite 2900
Seattle, WA  98104
Telephone:  (206) 623-7580
Email: peter.talevich@klgates.com

REQUEST FOR JUDICIAL NOTICE RE
OPPOSITION TO MOTION TO REMAND - 3

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON  98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

# EXHIBIT A

**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

**District of Delaware**

(State)

Case number *(if known)*: _____ Chapter __11__

☐ Check if this is an
amended filing

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy

06/24

**If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals*, is available.**

| | | |
|---|---|---|
| 1. | **Debtor's Name** | **Blue Raven Solar, LLC** |

| | | |
|---|---|---|
| 2. | **All other names debtor used in the last 8 years**<br><br>Include any assumed names, trade names, and *doing business as* names | **N/A** |

| | | |
|---|---|---|
| 3. | **Debtor's federal Employer Identification Number** (EIN) | __32-0513692__ |

4. **Debtor's address**

**Principal place of business**

**1403 North Research Way**
Number    Street

**Orem**    **UT**    **84097**
City    State    Zip Code

**Utah County**
County

**Mailing address, if different from principal place of business**

Number    Street

P.O. Box

City    State    Zip Code

**Location of principal assets, if different from principal place of business**

Number    Street

City    State    Zip Code

| | | |
|---|---|---|
| 5. | **Debtor's website** (URL) | **https://blueravensolar.com/** |

6. **Type of debtor**

☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))

☐ Partnership (excluding LLP)

☐ Other. Specify: _____

| Debtor | **Blue Raven Solar, LLC** | Case number *(if known)* | |
|---|---|---|---|
| | Name | | |

**7. Describe debtor's business**

A. *Check One:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

☒ None of the above

B. *Check all that apply:*

☐ Tax-exempt entity (as described in 26 U.S.C. § 501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)

☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes .
**2211**

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

*Check One:*

☐ Chapter 7

☐ Chapter 9

☒ Chapter 11. *Check **all** that apply:*

☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,024,725 (amount subject to adjustment on 4/01/25 and every 3 years after that).

☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and it chooses to proceed under Subchapter V of Chapter 11.

☐ A plan is being filed with this petition.

☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934.  File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

☒ No
☐ Yes.

| District | | When | MM/DD/YYYY | Case number | |
|---|---|---|---|---|---|
| District | | When | MM/DD/YYYY | Case number | |

| Debtor | **Blue Raven Solar, LLC** | Case number *(if known)* | |
|---|---|---|---|
| | Name | | |

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

List all cases. If more than 1, attach a separate list.

☐ No
☒ Yes.

| | | | |
|---|---|---|---|
| Debtor | **See Rider 1** | Relationship | **Affiliate** |
| District | **District of Delaware** | When | **08/05/2024** |
| Case number, if known _____ | | | MM / DD / YYYY |

**11. Why is the case filed in *this* district?**

*Check all that apply:*

☐ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☒ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☒ No
☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?** _____

| Number | Street |
|---|---|

_____

| City | State | Zip Code |
|---|---|---|

**Is the property insured?**

☐ No

☐ Yes. Insurance agency _____

Contact name _____

Phone _____

| | **Statistical and administrative information** |
|---|---|

**13. Debtor's estimation of available funds**

*Check one:*

☒ Funds will be available for distribution to unsecured creditors.
☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

**14. Estimated number of creditors (on a consolidated basis)**

| | | | | | |
|---|---|---|---|---|---|
| ☐ | 1-49 | ☐ | 1,000-5,000 | ☐ | 25,001-50,000 |
| ☐ | 50-99 | ☐ | 5,001-10,000 | ☐ | 50,001-100,000 |
| ☐ | 100-199 | ☐ | 10,001-25,000 | ☒ | More than 100,000 |
| ☐ | 200-999 | | | | |

Official Form 201  Voluntary Petition for Non-Individuals Filing for Bankruptcy  page 3

| Debtor | Blue Raven Solar, LLC | Case number *(if known)* | |
|---|---|---|---|
| | Name | | |

---

**15. Estimated assets (on a consolidated basis)**

- ☐ $0-$50,000
- ☐ $50,001-$100,000
- ☐ $100,001-$500,000
- ☐ $500,001-$1 million
- ☐ $1,000,001-$10 million
- ☐ $10,000,001-$50 million
- ☐ $50,000,001-$100 million
- ☐ $100,000,001-$500 million
- ☐ $500,000,001-$1 billion
- ☒ $1,000,000,001-$10 billion
- ☐ $10,000,000,001-$50 billion
- ☐ More than $50 billion

---

**16. Estimated liabilities (on a consolidated basis)**

- ☐ $0-$50,000
- ☐ $50,001-$100,000
- ☐ $100,001-$500,000
- ☐ $500,001-$1 million
- ☐ $1,000,001-$10 million
- ☐ $10,000,001-$50 million
- ☐ $50,000,001-$100 million
- ☐ $100,000,001-$500 million
- ☐ $500,000,001-$1 billion
- ☒ $1,000,000,001-$10 billion
- ☐ $10,000,000,001-$50 billion
- ☐ More than $50 billion

---

## Request for Relief, Declaration, and Signatures

**WARNING --** Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on    __08/05/2024__
            MM/ DD / YYYY

✗   _/s/ Matthew Henry_           **Matthew Henry**
     Signature of authorized representative of debtor      Printed name

Title   **Chief Transformation Officer**

---

**18. Signature of attorney**

✗   _/s/ Jason M. Madron_      Date   __08/05/2024__
     Signature of attorney for debtor         MM/DD/YYYY

**Jason M. Madron**
Printed name

**Richards, Layton & Finger, P.A.**
Firm name

**920 North King Street**
Number          Street

**Wilmington**          **Delaware**    **19801**
City          State      ZIP Code

**(302) 651-7700**          **madron@rlf.com**
Contact phone          Email address

**4431**          **Delaware**
Bar number          State

---

| Fill in this information to identify the case: |
| --- |
| United States Bankruptcy Court for the: |
| **District of Delaware** |
| (State) |
| Case number *(if known)*: _____ Chapter ___11___ |

☐ Check if this is an
amended filing

**Rider 1**
**Pending Bankruptcy Cases Filed by the Debtor and Affiliates of the Debtor**

On the date hereof, each of the entities listed below (collectively, the "Debtors") filed a petition in the United States Bankruptcy Court for the District of Delaware for relief under chapter 11 of title 11 of the United States Code. The Debtors have moved for joint administration of these cases under the case number assigned to the chapter 11 case of SunPower Corporation.

- SunPower Corporation
- Blue Raven Solar, LLC
- Blue Raven Solar Holdings, LLC
- BRS Field Ops, LLC
- Falcon Acquisition HoldCo, Inc.
- SunPower Capital Services, LLC
- SunPower Capital, LLC
- SunPower Corporation, Systems
- SunPower HoldCo, LLC
- SunPower North America, LLC

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| BLUE RAVEN SOLAR, LLC, | ) | Case No. 24-[_____] (___) |
| | ) | |
| Debtor. | ) | |
| | ) | |

**LIST OF EQUITY SECURITY HOLDERS[1]**

| Equity Holder | Address of Equity Holder | Percentage of Equity Held |
|---|---|---|
| Blue Raven Solar Holdings, LLC | 1403 North Research Way<br>Orem, UT 84097 | 100% |

---

[1]    This list serves as the disclosure required to be made by the debtor pursuant to Rule 1007 of the Federal Rules of Bankruptcy Procedure.  All equity positions listed indicate the record holder of such equity as of the date of commencement of the chapter 11 case.

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| BLUE RAVEN SOLAR, LLC, | ) ) | Case No. 24-[_____] (___) |
| Debtor. | ) ) ) | |

**CORPORATE OWNERSHIP STATEMENT**

Pursuant to Rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure, the following are corporations, other than a government unit, that directly or indirectly own 10% or more of any class of the debtor's equity interest:

| Shareholder | Approximate Percentage of Shares Held |
|---|---|
| Blue Raven Solar Holdings, LLC | 100% |

□ Check if this is an amended filing

Fill in this information to identify the case:

Debtor Name SunPower Corporation, et al.

United States Bankruptcy Court for the: District of Delaware

Case number (If known): _____

## Official Form 204

# Chapter 11 or Chapter 9 Cases: Consolidated List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders

A list of creditors holding the 30 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 30 largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | ZYXEL COMMUNICATIONS, INC. 1130 N. MILLER STREET ANAHEIM, CA 92806 UNITED STATES | ATTN: KARSTEN GEWECKE TITLE: PRESIDENT PHONE: 714-632-0882 EMAIL: KARSTENG@ZYXEL.COM | TRADE PAYABLE | | | | $ 15,445,139 |
| 2 | XIAMEN AMPACE TECHNOLOGY LIMITED NO.600 HONGTANG ROAD TONGXIANG HIGH-TECH ZONE, TORCH HIGH-TECH DISTRICT XIAMEN CITY, FUJIAN PROVINCE, CHINA | ATTN: JAMES LI TITLE: GENERAL MANAGER PHONE: 0592-3952222 EMAIL: | TRADE PAYABLE | | | | $ 6,451,200 |
| 3 | KUEHNE + NAGEL, INC. 10 EXCHANGE PLACE 19TH FLOOR JERSEY CITY, NJ 07302 UNITED STATES | ATTN: STEFAN PAUL TITLE: CHIEF EXECUTIVE OFFICER PHONE: 201-413-5500 EMAIL: STEFAN.PAUL@KUEHNE-NAGEL.COM. FAX: 201-413-5777 | TRADE PAYABLE | | | | $ 4,312,397 |
| 4 | ENPHASE ENERGY, INC. 47281 BAYSIDE PKWY FREMONT, CA 94538 UNITED STATES | ATTN: BADRI KOTHANDARAMAN TITLE: PRESIDENT AND CHIEF EXECUTIVE OFFICER PHONE: 877-797-4743 EMAIL: | TRADE PAYABLE | UNLIQUIDATED | | | $ 3,996,197 + UNDETERMINED AMOUNTS |
| 5 | ERNST & YOUNG U.S., LLP 1201 MAIN STREET, SUITE 2000 DALLAS, TX 75202 UNITED STATES | ATTN: JULIE BOLAND TITLE: MANAGING PARTNER PHONE: +44 20 7951 2000 EMAIL: FAX: 212-773-6350 | TRADE PAYABLE | UNLIQUIDATED | | | $ 3,496,718 + UNDETERMINED AMOUNTS |
| 6 | GOOGLE, INC. 1600 AMPHITHEATRE PARKWAY MOUNTAIN VIEW, CA 94043 UNITED STATES | ATTN: SUNDAR PICHAI TITLE: CHIEF EXECUTIVE OFFICER PHONE: 650-253-0000 EMAIL: SUNDAR@GOOGLE.COM FAX: 780-433-3758 | TRADE PAYABLE | | | | $ 3,083,904 |
| 7 | LEONARD ROOFING, INC. 4704 N. SONORA AVENUE FRESNO, CA 93722 UNITED STATES | ATTN: BRUCE LEONARD TITLE: OWNER PHONE: 951-506-3811 EMAIL: | TRADE PAYABLE | | | | $ 2,997,880 |
| 8 | AMAZON WEB SERVICES, INC. 410 TERRY AVENUE SEATTLE, WA 98109 UNITED STATES | ATTN: MATT GARMAN TITLE: CHIEF EXECUTIVE OFFICER PHONE: EMAIL: MATT.GARMAN@AMAZON.COM | TRADE PAYABLE | | | | $ 2,570,645 |
| 9 | CRAVATH, SWAINE & MOORE LLP TWO MANHATTAN WEST 375 NINTH AVENUE NEW YORK, NY 10001 UNITED STATES | ATTN: FAIZA J. SAEED TITLE: SENIOR PARTNER PHONE: 212-474-1000 EMAIL: FSAEED@CRAVATH.COM FAX: 212-474-3700 | TRADE PAYABLE | | | | $ 2,496,991 |
| 10 | MAXEON SOLAR TECHNOLOGIES, LTD. 8 MARINA BOULEVARD NO.05-02 MARINA BAY FINANCIAL CENTRE 018981 SINGAPORE | ATTN: BILL MULLIGAN TITLE: CHIEF EXECUTIVE OFFICER PHONE: +65 69897979 EMAIL: BILL.MULLIGAN@MAXEON.COM | TRADE PAYABLE | | | | $ 2,033,751 |
| 11 | BEST PAYMENT SOLUTIONS, INC. P.O. BOX 601058 SAN DIEGO, CA 92120 UNITED STATES | ATTN: GINA GENNETTE TITLE: CHIEF EXECUTIVE OFFICER PHONE: 800-371-6801 EMAIL: GINAG@BESTPAYMENT.SOLUTIONS | TRADE PAYABLE | | | | $ 1,812,799 |
| 12 | YAW, SCOTT & COSENTINO V. SUNPOWER CORPORATION, SYSTEMS THE WAND LAW FIRM, P.C. 100 OCEANGATE, SUITE 1200 LONG BEACH, CA 90802 UNITED STATES | ATTN: AUBRY WAND TITLE: PARTNER PHONE: 310-590-4503 EMAIL: AWAND@WANDLAWFIRM.COM | LITIGATION | CONTINGENT | | | $ 1,800,000 |
| 13 | TOTALENERGIES AMERICAN SERVICES, INC. 1201 LOUISIANA ST, SUITE 1800 HOUSTON, TX 77002 UNITED STATES | ATTN: PATRICK POUYANNE TITLE: CHIEF EXECUTIVE OFFICER PHONE: 713-483-5000 EMAIL: PATRICK.POUYANNE@TOTALENERGIES.COM | TRADE PAYABLE | | | | $ 1,789,146 |
| 14 | ALUMINIO DE BAJA CALIFORNIA CALLE MONFERRATO 6701, SAN ANTONIO DE LOS BUENOS BAJA CALIFORNIA TIJUANA, 22563 MEXICO | ATTN: WADIH KURI TITLE: PRESIDENT AND CHIEF EXECUTIVE OFFICER PHONE: 011 52 (664) 636-1452 EMAIL: WKURI@ABC-ALUMINUM.COM | TRADE PAYABLE | | | | $ 1,728,685 |

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 15 ALPLUS, INC.<br>6203 SAN IGNACIO AVE.<br>SUITE 110, PMB #1258<br>SAN JOSE, CA 95119<br>UNITED STATES | ATTN:<br>TITLE:<br>PHONE: 408-856-6424<br>EMAIL: | TRADE PAYABLE | | | | $          1,697,188 |
| 16 DALSIN INDUSTRIES, INC.<br>9111 GRAND AVENUE<br>SOUTH BLOOMINGTON, MN 55420<br>UNITED STATES | ATTN: TOM SCHMELING<br>TITLE: PRESIDENT AND CHIEF EXECUTIVE OFFICER<br>PHONE: 952-232-0158<br>EMAIL: TSCHMELING@DALSININD.COM<br>FAX: 952-881-2841 | TRADE PAYABLE | | | | $          1,611,887 |
| 17 OPTOMI, LLC<br>ONE GLENLAKE PKWY, SUITE 1250<br>ATLANTA, GA 30328<br>UNITED STATES | ATTN: CHUCK RUGGIERO<br>TITLE: CHIEF EXECUTIVE OFFICER<br>PHONE: 678-250-0820<br>EMAIL: | TRADE PAYABLE | | | | $          1,488,676 |
| 18 PRO CUSTOM SOLAR, LLC DBA MOMENTUM SOLAR<br>3096B HAMILTON BLVD.<br>SOUTH PLAINFIELD, NJ 07080<br>UNITED STATES | ATTN: ARTHUR SOURITZIDIS<br>TITLE: CHIEF EXECUTIVE OFFICER<br>PHONE: 732-902-6224<br>EMAIL: ASOURITZIDIS@MOMENTUMSOLAR.COM | TRADE PAYABLE | | | | $          1,377,308 |
| 19 LEGACY SOLAR, LLC<br>301 S. QUINCY STREET<br>TOWANDA, IL 61776<br>UNITED STATES | ATTN: LUKE LUGINBUHL<br>TITLE: OWNER<br>PHONE: 309-231-3138<br>EMAIL: LUKE@LEGACYSOLARPOWER.COM | TRADE PAYABLE | | | | $          1,347,226 |
| 20 SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP<br>ONE MANHATTAN WEST<br>NEW YORK, NY 10001-8602<br>UNITED STATES | ATTN: ERIC J. FRIEDMAN<br>TITLE: EXECUTIVE PARTNER<br>PHONE: 212-735-3000<br>EMAIL: ERIC.FRIEDMAN@SKADDEN.COM<br>FAX: 212-735-2000 | TRADE PAYABLE | | | | $          1,333,244 |
| 21 SST CONSTRUCTION, LLC DBA SUNSYSTEM TECHNOLOGY<br>2731 CITRUS RD, STE D<br>RANCHO CORDOVA, CA 95742<br>UNITED STATES | ATTN: KURTIS BRINK<br>TITLE: PRESIDENT<br>PHONE: 844-477-8787<br>EMAIL: KBRINK@SSTSOLAR.COM | TRADE PAYABLE | | | | $          1,258,455 |
| 22 KAMTECH RESTORATION CORP. DBA KAMTECH SOLAR SOLUTIONS<br>203 SHERIDAN BLVD<br>INWOOD, NY 11096<br>UNITED STATES | ATTN: KRZYSZTOF KAMISNKI<br>TITLE: CHIEF EXECUTIVE OFFICER<br>PHONE: 718-260-6586<br>EMAIL: KKAMINSKI@KAMTECHSOLAR.COM | TRADE PAYABLE | | | | $          1,141,992 |
| 23 SMA SOLAR TECHNOLOGY AMERICA, LLC<br>SONNNALLEE 1<br>NIESTETAL,  34266<br>GERMANY | ATTN: DR.-ING. JURGEN REINERT<br>TITLE: CHIEF EXECUTIVE OFFICER<br>PHONE: +49 561 95 22-0<br>EMAIL:<br>FAX: +49 561 95 22-100 | TRADE PAYABLE | | | | $          1,124,003 |
| 24 DELOITTE FINANCIAL ADVISORY SERVICES LLP<br>30 ROCKEFELLER PLAZA, 41ST FLOOR<br>NEW YORK, NY 10112-0115<br>UNITED STATES | ATTN: ANTHONY VIEL<br>TITLE: CHIEF EXECUTIVE OFFICER<br>PHONE: 212-492-4000<br>EMAIL: AVIEL@DELOITTE.COM | TRADE PAYABLE | | | | $          1,111,587 |
| 25 AKIN GUMP STRAUSS HAUER & FELD LLP<br>2001 K STREET, NW<br>WASHINGTON, DC 20006-1037<br>UNITED STATES | ATTN: KIM KOOPERSMITH<br>TITLE: PARTNER & CHAIRPERSON<br>PHONE: 202-887-4000<br>EMAIL: KKOOPERSMITH@AKINGUMP.COM<br>FAX: 212-872-1002 | TRADE PAYABLE | | | | $          1,100,000 |
| 26 ORACLE CREDIT CORPORATION<br>2300 ORACLE WAY<br>AUSTIN, TX 78741<br>UNITED STATES | ATTN: SAFRA CATZ<br>TITLE: CHIEF EXECUTIVE OFFICER<br>PHONE: 737-867-1000<br>EMAIL: SAFRA.CATZ@ORACLE.COM<br>FAX: 905-219-8450 | TRADE PAYABLE | | | | $          1,091,874 |
| 27 SYNCRO CORPORATION<br>1030 SUNDOWN DR. NW<br>ARAB, AL 35016<br>UNITED STATES | ATTN: LARRY FLEMING<br>TITLE: PRESIDENT AND CHIEF EXECUTIVE OFFICER<br>PHONE: 256-931-7800<br>EMAIL: LARRYFLEMING@SYNCROCORP.COM | TRADE PAYABLE | | | | $             973,511 |
| 28 EARTHLIGHT TECHNOLOGIES, LLC<br>128 WEST RD<br>ELLINGTON, CT 06029<br>UNITED STATES | ATTN: TIM SCHNEIDER<br>TITLE: CHIEF EXECUTIVE OFFICER<br>PHONE: 860-871-9700<br>EMAIL: | TRADE PAYABLE | | | | $             948,975 |
| 29 REVOLV GLOBAL, INC.<br>2443 FILLMORE STREET, SUITE 505<br>SAN FRANCISCO, CA 94115<br>UNITED STATES | ATTN: SCOTT DAVIDSON<br>TITLE: CHIEF EXECUTIVE OFFICER<br>PHONE: 628-239-4575<br>EMAIL: SDAVIDSON@REVOLV.US | VEHICLE LEASES | CONTINGENT, UNLIQUIDATED | | | $             137,293<br>+ UNDETERMINED AMOUNTS |
| 30 U.S. SECURITIES AND EXCHANGE COMMISSION<br>100 F STREET, NE<br>WASHINGTON, DC 20549<br>UNITED STATES | ATTN: GARY GENSLER<br>TITLE: CHAIRMAN<br>PHONE: 202-551-2100<br>EMAIL: CHAIR@SEC.GOV | LITIGATION | CONTINGENT, UNLIQUIDATED, DISPUTED | | | UNDETERMINED |

<table>
<tr><td colspan="2">Fill in this information to identify the case and this filing:</td></tr>
<tr><td>Debtor Name</td><td><b>Blue Raven Solar, LLC</b></td></tr>
<tr><td>United States Bankruptcy Court for the:</td><td><b>District of Delaware</b></td></tr>
<tr><td></td><td>(State)</td></tr>
<tr><td>Case number (If known):</td><td></td></tr>
</table>

## Official Form 202
## Declaration Under Penalty of Perjury for Non-Individual Debtors     12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐   *Schedule A/B: Assets-Real and Personal Property (Official Form 206A/B)*

☐   *Schedule D: Creditors Who Have Claims Secured by Property (Official Form 206D)*

☐   *Schedule E/F: Creditors Who Have Unsecured Claims (Official Form 206E/F)*

☐   *Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G)*

☐   *Schedule H: Codebtors (Official Form 206H)*

☐   *Summary of Assets and Liabilities for Non-Individuals (Official Form 206Sum)*

☐   Amended Schedule

☒   *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders (Official Form 204)*

☒   Other document that requires a declaration **List of Equity Security Holders, Corporate Ownership Statement, and Certification of Creditor Matrix**

I declare under penalty of perjury that the foregoing is true and correct.

| | | |
|---|---|---|
| Executed on | **08/05/2024** | ☒ */s/ Matthew Henry* |
| | MM/DD/YYYY | Signature of individual signing on behalf of debtor |
| | | **Matthew Henry** |
| | | Printed name |
| | | **Chief Transformation Officer** |
| | | Position or relationship to debtor |

Official Form 202                     Declaration Under Penalty of Perjury for Non-Individual Debtors

**OMNIBUS UNANIMOUS**
**WRITTEN CONSENT IN LIEU OF A**
**SPECIAL MEETING OF THE APPLICABLE GOVERNING BODIES**

**August 4, 2024**

The undersigned, being (a) a member of the board of directors of SunPower Corporation, Systems; (b) all members of the boards of managers of Blue Raven Solar Holdings, LLC, BRS Field Ops, LLC, and Blue Raven Solar, LLC; (c) all members of the board of managers of SunPower Capital Services, LLC; (d) the member of SunPower North America, LLC and SunPower HoldCo, LLC; (e) the member of SunPower Capital, LLC; and (f) the sole member of the board of directors of Falcon Acquisition HoldCo, Inc. (the companies in clauses (a) through (f), each, a "Company" or a "Filing Entity" and, collectively, the "Companies" or the "Filing Entities") (each governing body in clauses (a) through (f), the "Boards") pursuant to each Company's applicable governing document (the "Governing Agreement"), and the respective laws of the state of formation of each Company:

**CHAPTER 11 FILING**

**WHEREAS**, each Board has considered presentations by such Filing Entity's management (the "Management") and financial and legal advisors (collectively, the "Advisors") regarding the assets, liabilities, and liquidity of such Filing Entity, the strategic and financial alternatives available to it, and the effect of the foregoing on each Filing Entity's business; and

**WHEREAS**, each Board has had the opportunity to consult with Management and the Advisors and has fully considered each of the strategic and financial alternatives available to each Filing Entity.

**NOW, THEREFORE, BE IT:**

**RESOLVED**, that in the business judgment of each Board, it is desirable and in the best interests of each Filing Entity (including a consideration of its creditors and other parties in interest) that each Filing Entity shall be, and hereby is, in all respects, authorized to file, or cause to be filed, a voluntary petition for relief commencing a case (the "Chapter 11 Cases") under the provisions of chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") or other court of competent jurisdiction; and

**RESOLVED**, that any of the Principal Executive Officer, President, Chief Financial Officer, Chief Transformation Officer, Secretary or any other duly-appointed officer of each Filing Entity (collectively, the "Authorized Signatories"), acting alone or with one or more other Authorized Signatories be, and they hereby are, authorized, empowered, and directed to execute and file on behalf of each Filing Entity all petitions, schedules, lists, and other motions, papers, or documents, and to take any and all action that they deem necessary or proper to obtain such relief, including, without limitation, any action necessary to maintain the ordinary course operation of each Filing Entity's business.

# RETENTION OF PROFESSIONALS

**RESOLVED**, that each of the Authorized Signatories be, and they hereby are, authorized and directed to employ the law firm of Kirkland & Ellis LLP and Kirkland & Ellis International LLP (together, "Kirkland"), as bankruptcy counsel, to represent and assist each Filing Entity in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance each Filing Entity's rights and obligations, including filing any motions, objections, replies, applications, or pleadings; and in connection therewith, each of the Authorized Signatories, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of Kirkland;

**RESOLVED**, that each of the Authorized Signatories be, and they hereby are, authorized and directed to employ the law firm of Richards, Layton & Finger, P.A. ("Richards Layton"), as local bankruptcy counsel, to represent and assist each Filing Entity in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance each Filing Entity's rights and obligations, including filing any motions, objections, replies, applications, or pleadings; and in connection therewith, each of the Authorized Signatories, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of Richards Layton;

**RESOLVED**, that each of the Authorized Signatories be, and they hereby are, authorized and directed to employ the firm of Alvarez & Marsal North America, LLC ("A&M"), as financial advisor, to represent and assist each Filing Entity in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance each Filing Entity's rights and obligations; and in connection therewith, each of the Authorized Signatories, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of A&M;

**RESOLVED**, that each of the Authorized Signatories be, and they hereby are, authorized and directed to employ the firm of Moelis & Company LLC ("Moelis"), as investment banker, to represent and assist each Filing Entity in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance each Filing Entity's rights and obligations; and in connection therewith, each of the Authorized Signatories, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of Moelis;

**RESOLVED**, that each of the Authorized Signatories be, and they hereby are, authorized and directed to employ the firm of Epiq Systems, Inc. ("Epiq"), as notice and claims agent, to represent and assist each Filing Entity in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance each Filing Entity's rights and obligations; and in connection therewith, each of the Authorized Signatories, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed appropriate applications for authority to retain the services of Epiq;

**RESOLVED**, that each of the Authorized Signatories be, and they hereby are, authorized and directed to employ any other professionals to assist each Filing Entity in carrying out its duties under the Bankruptcy Code; and in connection therewith, each of the Authorized Signatories, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers and fees, and to cause to be filed an appropriate application for authority to retain the services of any other professionals as necessary; and

**RESOLVED**, that each of the Authorized Signatories be, and they hereby are, with power of delegation, authorized, empowered, and directed to execute and file all petitions, schedules, motions, lists, applications, pleadings, and other papers and, in connection therewith, to employ and retain all assistance by legal counsel, accountants, financial advisors, and other professionals and to take and perform any and all further acts and deeds that each of the Authorized Signatories deem necessary, proper, or desirable in connection with each Filing Entity's Chapter 11 Case, with a view to the successful prosecution of such case.

## GOVERNANCE MATTERS

**RESOLVED**, that Matthew Henry is hereby appointed to serve as the Chief Transformation Officer of each Filing Entity.

## CASH COLLATERAL AND ADEQUATE PROTECTION

**RESOLVED**, that the Filing Entities will obtain benefits from the use of collateral, including cash collateral, as that term is defined in section 363(a) of the Bankruptcy Code (the "Cash Collateral"), which is security for the Filing Entities' respective obligations under (a) that certain credit agreement, dated as of September 12, 2022 (as modified from time to time, the "First Lien Credit Agreement"), by and among SunPower Corporation, as borrower; Falcon Acquisition HoldCo, Inc. and the Filing Entities, as guarantors; the lenders and letter of credit issuers party thereto from time to time; and Bank of America, N.A., as administrative agent and collateral agent; (b) that certain credit agreement, dated as of February 14, 2022 (as modified from time to time, the "Second Lien Credit Agreement") by and among SunPower Corporation, as borrower; Falcon Acquisition HoldCo, Inc. and the Filing Entities, as guarantors; the lenders party thereto from time to time; and GLAS USA LLC, as administrative agent and collateral agent; and (c) that certain secured continuing standby letter of credit agreement, dated as of October 4, 2021, by and among SunPower Corporation, as account party; and the bank party thereto (the "L/C Secured Party," and together with the secured parties under the First Lien Credit Agreement and the Second Lien Credit Agreement, the "Secured Parties");

**RESOLVED**, that in order to use and obtain the benefits of the Cash Collateral, and in accordance with section 363 of the Bankruptcy Code, the Filing Entities will provide certain adequate protection to the Secured Parties (such obligations, "Adequate Protection Obligations"), as documented in proposed interim and final orders (the "Cash Collateral Orders") to be submitted for approval of the Bankruptcy Court, with each Board having been apprised of the material terms and provisions of the Cash Collateral Orders;

**RESOLVED**, that the form, terms, and provisions of the Cash Collateral Orders, and the actions and transactions contemplated thereby be, and hereby are authorized, adopted, and

3

approved in all respects, and each of the Authorized Signatories of the Filing Entities be, and hereby is, authorized and empowered, in the name of and on behalf of the Filing Entities, to take such actions and negotiate or cause to be prepared and negotiated and to perform, and cause the performance of, the Cash Collateral Orders;

**RESOLVED**, each of the Authorized Signatories be, and hereby is, authorized, empowered, and directed in the name of, and on behalf of, each Company to seek authorization and approval to use Cash Collateral pursuant to the Cash Collateral Orders, and any Authorized Signatory be, and hereby is, authorized, empowered, and directed to negotiate, execute, and deliver any and all agreements, instruments, or documents, by or on behalf of each Company, relating to the use of Cash Collateral in connection with the Chapter 11 Cases, all with such changes therein and additions thereto as any Authorized Signatory approves, such approval to be conclusively evidenced by the taking of such action or by the execution and delivery thereof; and

**RESOLVED**, that the Filing Entities, as debtors and debtors in possession under the Bankruptcy Code be, and hereby are, authorized to incur the Adequate Protection Obligations, including granting liens on their respective assets to secure such obligations.

## ASSET PURCHASE AGREEMENT

**WHEREAS**, Complete Solaria, Inc. (the "Stalking Horse Bidder") and each Company and its Advisors have negotiated the terms of that certain asset purchase agreement (the "APA") to govern the Stalking Horse Bidder's purchase of certain of the Companies' assets, as set forth in the APA (the "Purchased Assets"), subject to the Companies' receipt of a higher or otherwise better offer and a "fiduciary out;"

**WHEREAS**, the Board has reviewed the APA (together with the other certificates, documents, agreements, and schedules contemplated under the APA, the "APA Documents"), and after due consideration and deliberation, determined that each of the transactions contemplated by the APA and the APA Documents (the "APA Transactions") are advisable and in the best interests of each of the Companies, their respective stockholders or members, their creditors and the other parties in interest; and

**WHEREAS**, the APA Transactions are subject to the Filing Entities filing a motion (the "Sale Motion") with the Bankruptcy Court, seeking, among other things, approval of an auction process that will govern the marketing and sale of the Purchased Assets through certain bidding procedures to the Stalking Horse Bidder or another bidder with the highest or otherwise best offer (such bidder, the "Successful Bidder").

**NOW, THEREFORE, BE IT:**

**RESOLVED**, that each Company is authorized to enter into the APA Documents and APA with the Stalking Horse Bidder for the sale of the Purchased Assets and to undertake any and all related transactions contemplated thereby, including the APA Transactions and an auction (if necessary), on the terms contained therein or on such other terms and conditions as the Authorized Signatories, or any of them, in their, his or her sole discretion, determine to be necessary, appropriate or desirable;

4

**RESOLVED**, that each of the Authorized Signatories of each of the Companies be, and hereby are, authorized, directed, and empowered in the name of, and on behalf of, each such Company to execute the APA and APA Documents, and to execute and file, on behalf of the Companies, the Sale Motion with the Bankruptcy Court; and

**RESOLVED**, that each of the Authorized Signatories of each of the Companies be, and hereby are, authorized, directed, and empowered in the name of, and on behalf of, each such Company to conduct an auction (if necessary) through the bidding procedures as approved by the Bankruptcy Court pursuant to the Sale Motion and to negotiate, for and on behalf of the Companies, such agreements, documents, assignments, and instruments as may be necessary, appropriate, or desirable in connection with the sale to the Successful Bidder.

## GENERAL

**RESOLVED**, that in addition to the specific authorizations heretofore conferred upon the Authorized Signatories, each of the Authorized Signatories (and their designees and delegates) be, and they hereby are, individually authorized and empowered, in the name of and on behalf of each Filing Entity, to take or cause to be taken any and all such other and further action, and to execute, acknowledge, deliver, and file any and all such agreements, certificates, instruments, and other documents and to pay all expenses, including but not limited to filing fees, in each case as in such Authorized Signatory's judgment, shall be necessary, advisable, convenient, or desirable in order to fully carry out the intent and accomplish the purposes of the resolutions adopted herein;

**RESOLVED**, that each Board has received sufficient notice of the actions and transactions relating to the matters contemplated by the foregoing resolutions, as may be required by the organizational documents of each Filing Entity, or hereby waive any right to have received such notice;

**RESOLVED**, that all acts, actions, and transactions relating to the matters contemplated by the foregoing resolutions done in the name of and on behalf of each Filing Entity, which acts would have been approved by the foregoing resolutions except that such acts were taken before the adoption of these resolutions, are hereby in all respects approved and ratified as the true acts and deeds of each Filing Entity with the same force and effect as if each such act, transaction, agreement, or certificate has been specifically authorized in advance by resolution of each Board; and

**RESOLVED**, that each of the Authorized Signatories (and their designees and delegates) be, and hereby is, authorized and empowered to take all actions or to not take any action in the name of each Filing Entity with respect to the transactions contemplated by these resolutions hereunder, as such Authorized Signatory shall deem necessary or desirable in such Authorized Signatory's reasonable business judgment as may be necessary or convenient to effectuate the purposes of the transactions contemplated herein.

\* \* \*

5

IN WITNESS WHEREOF, the undersigned have executed this written consent as of the date above first written.

BOARD OF DIRECTORS OF
SUNPOWER CORPORATION, SYSTEMS

_____

SAM LEE

**IN WITNESS WHEREOF**, the undersigned have executed this written consent as of the date above first written.

BOARDS OF MANAGERS OF
BLUE RAVEN SOLAR HOLDINGS, LLC,
BRS FIELD OPS, LLC, AND
BLUE RAVEN SOLAR, LLC

*Elizabeth Eby*

_____
ELIZABETH EBY

*Reed Farnsworth*

_____
REED FARNSWORTH

*John Zavaglia*

_____
JOHN ZAVAGLIA

Docusign Envelope ID: C5578Z9E-A848-4A30-8D33-A873022A4C47

IN WITNESS WHEREOF, the undersigned have executed this written consent as of the date above first written.

BOARD OF MANAGERS OF
SUNPOWER CAPITAL SERVICES, LLC

_____

ANDREW BRUCE

_____

JENNIFER JOYCE

**IN WITNESS WHEREOF**, the undersigned has executed this written consent as of the date above first written.

MEMBER OF SUNPOWER NORTH AMERICA, LLC AND SUNPOWER HOLDCO, LLC

SUNPOWER CORPORATION

BY: *Elizabeth Eby*

NAME: ELIZABETH EBY
TITLE:  AUTHORIZED SIGNATORY

**IN WITNESS WHEREOF**, the undersigned has executed this written consent as of the date above first written.

**MEMBER OF SUNPOWER CAPITAL, LLC**

SUNPOWER HOLDCO, LLC

BY: _Elizabeth Eby_____
      NAME: ELIZABETH EBY
      TITLE:  AUTHORIZED SIGNATORY

**IN WITNESS WHEREOF**, the undersigned have executed this written consent as of the date above first written.

BOARD OF DIRECTORS OF FALCON
ACQUISITION HOLDCO, INC.

*Elizabeth Eby*

_____
ELIZABETH EBY

# EXHIBIT B

<table>
<tr><td colspan="2"><strong>Fill in this information to identify the case:</strong></td></tr>
<tr><td colspan="2">United States Bankruptcy Court for the:<br><br><strong>District of Delaware</strong><br> (State) </td></tr>
<tr><td>Case number <em>(if known):</em> _____</td><td>Chapter <u>11</u></td></tr>
</table>

☐ Check if this is an amended filing

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy

**06/24**

**If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals*, is available.**

| | | |
|---|---|---|
| **1.** | **Debtor's Name** | **Blue Raven Solar Holdings, LLC** |
| **2.** | **All other names debtor used in the last 8 years**<br><br>Include any assumed names, trade names, and *doing business as* names | **N/A** |
| **3.** | **Debtor's federal Employer Identification Number** (EIN) | **46-5434577** |

**4. Debtor's address**

| Principal place of business | Mailing address, if different from principal place of business |
|---|---|
| **1403 North Research Way**<br>Number     Street | Number     Street |
| | P.O. Box |
| **Orem**     **UT**     **84097**<br>City     State     Zip Code | City     State     Zip Code |
| | **Location of principal assets, if different from principal place of business** |
| **Utah County**<br>County | Number     Street |
| | City     State     Zip Code |

| | | |
|---|---|---|
| **5.** | **Debtor's website** (URL) | **https://blueravensolar.com/** |
| **6.** | **Type of debtor** | ☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))<br><br>☐ Partnership (excluding LLP)<br><br>☐ Other. Specify: _____ |

| Debtor | Blue Raven Solar Holdings, LLC | Case number (if known) | |
|---|---|---|---|
| | Name | | |

**7. Describe debtor's business**

A. *Check One:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

☒ None of the above

B. *Check all that apply:*

☐ Tax-exempt entity (as described in 26 U.S.C. § 501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)

☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes .
**5511**

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

*Check One:*

☐ Chapter 7

☐ Chapter 9

☒ Chapter 11. *Check **all** that apply:*

☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,024,725 (amount subject to adjustment on 4/01/25 and every 3 years after that).

☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and it chooses to proceed under Subchapter V of Chapter 11.

☐ A plan is being filed with this petition.

☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

☒ No
☐ Yes.

| District | | When | MM/DD/YYYY | Case number | |
|---|---|---|---|---|---|
| District | | When | MM/DD/YYYY | Case number | |

Debtor **Blue Raven Solar Holdings, LLC**
Name

Case number *(if known)*

| | |
|---|---|
| **10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**<br><br>List all cases. If more than 1, attach a separate list. | ☐ No<br>☒ Yes. |

| | | | | |
|---|---|---|---|---|
| | Debtor | **See Rider 1** | Relationship | **Affiliate** |
| | District | **District of Delaware** | When | **08/05/2024**<br>MM / DD / YYYY |
| | Case number, if known | | | |

**11. Why is the case filed in *this* district?**

*Check all that apply:*

☒ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☒ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☒ No
☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?** _____
Number      Street

_____
City                                    State      Zip Code

**Is the property insured?**

☐ No

☐ Yes. Insurance agency _____
Contact name _____
Phone _____

| | |
|---|---|
| ■ | **Statistical and administrative information** |

**13. Debtor's estimation of available funds**

*Check one:*

☒ Funds will be available for distribution to unsecured creditors.
☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

**14. Estimated number of creditors (on a consolidated basis)**

| | | | | | |
|---|---|---|---|---|---|
| ☐ | 1-49 | ☐ | 1,000-5,000 | ☐ | 25,001-50,000 |
| ☐ | 50-99 | ☐ | 5,001-10,000 | ☐ | 50,001-100,000 |
| ☐ | 100-199 | ☐ | 10,001-25,000 | ☒ | More than 100,000 |
| ☐ | 200-999 | | | | |

Official Form 201      Voluntary Petition for Non-Individuals Filing for Bankruptcy      page 3

Debtor    __Blue Raven Solar Holdings, LLC__    Case number *(if known)* _____
          Name

| 15. Estimated assets (on a consolidated basis) | ☐ $0-$50,000 | ☐ $1,000,001-$10 million | ☐ $500,000,001-$1 billion |
|---|---|---|---|
| | ☐ $50,001-$100,000 | ☐ $10,000,001-$50 million | ☒ $1,000,000,001-$10 billion |
| | ☐ $100,001-$500,000 | ☐ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion |
| | ☐ $500,001-$1 million | ☐ $100,000,001-$500 million | ☐ More than $50 billion |

| 16. Estimated liabilities (on a consolidated basis) | ☐ $0-$50,000 | ☐ $1,000,001-$10 million | ☐ $500,000,001-$1 billion |
|---|---|---|---|
| | ☐ $50,001-$100,000 | ☐ $10,000,001-$50 million | ☒ $1,000,000,001-$10 billion |
| | ☐ $100,001-$500,000 | ☐ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion |
| | ☐ $500,001-$1 million | ☐ $100,000,001-$500 million | ☐ More than $50 billion |

## Request for Relief, Declaration, and Signatures

**WARNING --** Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on    __08/05/2024__
               MM/ DD / YYYY

✖   __/s/ Matthew Henry_____        __Matthew Henry_____
    Signature of authorized representative of debtor        Printed name

    Title   __Chief Transformation Officer__

**18. Signature of attorney**

✖   __/s/ Jason M. Madron_____    Date   __08/05/2024__
    Signature of attorney for debtor                          MM/DD/YYYY

__Jason M. Madron_____
Printed name

__Richards, Layton & Finger, P.A._____
Firm name

__920 North King Street_____
Number                    Street

__Wilmington_____          __Delaware__      __19801__
City                                     State         ZIP Code

__(302) 651-7700_____       __madron@rlf.com_____
Contact phone                            Email address

__4431__                                 __Delaware__
Bar number                               State

Official Form 201    Voluntary Petition for Non-Individuals Filing for Bankruptcy    page 4

<table>
<tr><td colspan="2"><strong>Fill in this information to identify the case</strong>:</td></tr>
<tr><td colspan="2">United States Bankruptcy Court for the:<br><br> <strong>District of Delaware</strong> (State) </td></tr>
<tr><td>Case number <em>(if known)</em>:</td><td>Chapter   11</td></tr>
</table>

☐ Check if this is an
amended filing

**Rider 1**
**Pending Bankruptcy Cases Filed by the Debtor and Affiliates of the Debtor**

On the date hereof, each of the entities listed below (collectively, the "Debtors") filed a petition in the United States Bankruptcy Court for the District of Delaware for relief under chapter 11 of title 11 of the United States Code. The Debtors have moved for joint administration of these cases under the case number assigned to the chapter 11 case of SunPower Corporation.

- SunPower Corporation
- Blue Raven Solar, LLC
- Blue Raven Solar Holdings, LLC
- BRS Field Ops, LLC
- Falcon Acquisition HoldCo, Inc.
- SunPower Capital Services, LLC
- SunPower Capital, LLC
- SunPower Corporation, Systems
- SunPower HoldCo, LLC
- SunPower North America, LLC

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| BLUE RAVEN SOLAR HOLDINGS, LLC, | ) | Case No. 24-[_____] (___) |
| | ) | |
| Debtor. | ) | |
| | ) | |

**LIST OF EQUITY SECURITY HOLDERS[1]**

| Equity Holder | Address of Equity Holder | Percentage of Equity Held |
|---|---|---|
| Falcon Acquisition HoldCo, Inc. | 880 Harbour Way South, Suite 600 Richmond, CA 94804 | 100% |

---

[1] This list serves as the disclosure required to be made by the debtor pursuant to Rule 1007 of the Federal Rules of Bankruptcy Procedure. All equity positions listed indicate the record holder of such equity as of the date of commencement of the chapter 11 case.

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| In re: | ) Chapter 11 |
|  | ) |
| BLUE RAVEN SOLAR HOLDINGS, LLC, | ) Case No. 24-[____] (___) |
|  | ) |
| Debtor. | ) |
|  | ) |

**<u>CORPORATE OWNERSHIP STATEMENT</u>**

Pursuant to Rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure, the following are corporations, other than a government unit, that directly or indirectly own 10% or more of any class of the debtor's equity interest:

| Shareholder | Approximate Percentage of Shares Held |
|---|---|
| Falcon Acquisition HoldCo, Inc. | 100% |

Fill in this information to identify the case:

Debtor Name SunPower Corporation, et al.

United States Bankruptcy Court for the: District of Delaware

Case number (If known): _____

☐ Check if this is an amended filing

## Official Form 204

# Chapter 11 or Chapter 9 Cases: Consolidated List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders

A list of creditors holding the 30 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 30 largest unsecured claims.

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 ZYXEL COMMUNICATIONS, INC. 1130 N. MILLER STREET ANAHEIM, CA 92806 UNITED STATES | ATTN: KARSTEN GEWECKE TITLE: PRESIDENT PHONE: 714-632-0882 EMAIL: KARSTENG@ZYXEL.COM | TRADE PAYABLE | | | | $ 15,445,139 |
| 2 XIAMEN AMPACE TECHNOLOGY LIMITED NO.600 HONGTANG ROAD TONGXIANG HIGH-TECH ZONE, TORCH HIGH-TECH DISTRICT XIAMEN CITY, FUJIAN PROVINCE, CHINA | ATTN: JAMES LI TITLE: GENERAL MANAGER PHONE: 0592-3952222 EMAIL: | TRADE PAYABLE | | | | $ 6,451,200 |
| 3 KUEHNE + NAGEL, INC. 10 EXCHANGE PLACE 19TH FLOOR JERSEY CITY, NJ 07302 UNITED STATES | ATTN: STEFAN PAUL TITLE: CHIEF EXECUTIVE OFFICER PHONE: 201-413-5500 EMAIL: STEFAN.PAUL@KUEHNE-NAGEL.COM. FAX: 201-413-5777 | TRADE PAYABLE | | | | $ 4,312,397 |
| 4 ENPHASE ENERGY, INC. 47281 BAYSIDE PKWY FREMONT, CA 94538 UNITED STATES | ATTN: BADRI KOTHANDARAMAN TITLE: PRESIDENT AND CHIEF EXECUTIVE OFFICER PHONE: 877-797-4743 EMAIL: | TRADE PAYABLE | UNLIQUIDATED | | | $ 3,996,197 + UNDETERMINED AMOUNTS |
| 5 ERNST & YOUNG U.S., LLP 1201 MAIN STREET, SUITE 2000 DALLAS, TX 75202 UNITED STATES | ATTN: JULIE BOLAND TITLE: MANAGING PARTNER PHONE: +44 20 7951 2000 EMAIL: FAX: 212-773-6350 | TRADE PAYABLE | UNLIQUIDATED | | | $ 3,496,718 + UNDETERMINED AMOUNTS |
| 6 GOOGLE, INC. 1600 AMPHITHEATRE PARKWAY MOUNTAIN VIEW, CA 94043 UNITED STATES | ATTN: SUNDAR PICHAI TITLE: CHIEF EXECUTIVE OFFICER PHONE: 650-253-0000 EMAIL: SUNDAR@GOOGLE.COM FAX: 780-433-3758 | TRADE PAYABLE | | | | $ 3,083,904 |
| 7 LEONARD ROOFING, INC. 4704 N. SONORA AVENUE FRESNO, CA 93722 UNITED STATES | ATTN: BRUCE LEONARD TITLE: OWNER PHONE: 951-506-3811 EMAIL: | TRADE PAYABLE | | | | $ 2,997,880 |
| 8 AMAZON WEB SERVICES, INC. 410 TERRY AVENUE SEATTLE, WA 98109 UNITED STATES | ATTN: MATT GARMAN TITLE: CHIEF EXECUTIVE OFFICER PHONE: EMAIL: MATT.GARMAN@AMAZON.COM | TRADE PAYABLE | | | | $ 2,570,645 |
| 9 CRAVATH, SWAINE & MOORE LLP TWO MANHATTAN WEST 375 NINTH AVENUE NEW YORK, NY 10001 UNITED STATES | ATTN: FAIZA J. SAEED TITLE: SENIOR PARTNER PHONE: 212-474-1000 EMAIL: FSAEED@CRAVATH.COM FAX: 212-474-3700 | TRADE PAYABLE | | | | $ 2,496,991 |
| 10 MAXEON SOLAR TECHNOLOGIES, LTD. 8 MARINA BOULEVARD NO.05-02 MARINA BAY FINANCIAL CENTRE 018981 SINGAPORE | ATTN: BILL MULLIGAN TITLE: CHIEF EXECUTIVE OFFICER PHONE: +65 69897979 EMAIL: BILL.MULLIGAN@MAXEON.COM | TRADE PAYABLE | | | | $ 2,033,751 |
| 11 BEST PAYMENT SOLUTIONS, INC. P.O. BOX 601058 SAN DIEGO, CA 92120 UNITED STATES | ATTN: GINA GENNETTE TITLE: CHIEF EXECUTIVE OFFICER PHONE: 800-371-6801 EMAIL: GINAG@BESTPAYMENT.SOLUTIONS | TRADE PAYABLE | | | | $ 1,812,799 |
| 12 YAW, SCOTT & COSENTINO V. SUNPOWER CORPORATION, SYSTEMS THE WAND LAW FIRM, P.C. 100 OCEANGATE, SUITE 1200 LONG BEACH, CA 90802 UNITED STATES | ATTN: AUBRY WAND TITLE: PARTNER PHONE: 310-590-4503 EMAIL: AWAND@WANDLAWFIRM.COM | LITIGATION | CONTINGENT | | | $ 1,800,000 |
| 13 TOTALENERGIES AMERICAN SERVICES, INC. 1201 LOUISIANA ST, SUITE 1800 HOUSTON, TX 77002 UNITED STATES | ATTN: PATRICK POUYANNE TITLE: CHIEF EXECUTIVE OFFICER PHONE: 713-483-5000 EMAIL: PATRICK.POUYANNE@TOTALENERGIES.COM | TRADE PAYABLE | | | | $ 1,789,146 |
| 14 ALUMINIO DE BAJA CALIFORNIA CALLE MONFERRATO 6701, SAN ANTONIO DE LOS BUENOS BAJA CALIFORNIA TIJUANA, 22563 MEXICO | ATTN: WADIH KURI TITLE: PRESIDENT AND CHIEF EXECUTIVE OFFICER PHONE: 011 52 (664) 636-1452 EMAIL: WKURI@ABC-ALUMINUM.COM | TRADE PAYABLE | | | | $ 1,728,685 |

Debtor __SunPower Corporation, et al.,_____                                                          Case number (if known)_____

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 15 | ALPLUS, INC.<br>6203 SAN IGNACIO AVE.<br>SUITE 110, PMB #1258<br>SAN JOSE, CA 95119<br>UNITED STATES | ATTN:<br>TITLE:<br>PHONE: 408-856-6424<br>EMAIL: | TRADE PAYABLE | | | | $ 1,697,188 |
| 16 | DALSIN INDUSTRIES, INC.<br>9111 GRAND AVENUE<br>SOUTH BLOOMINGTON, MN 55420<br>UNITED STATES | ATTN: TOM SCHMELING<br>TITLE: PRESIDENT AND CHIEF EXECUTIVE OFFICER<br>PHONE: 952-232-0158<br>EMAIL: TSCHMELING@DALSININD.COM<br>FAX: 952-881-2841 | TRADE PAYABLE | | | | $ 1,611,887 |
| 17 | OPTOMI, LLC<br>ONE GLENLAKE PKWY, SUITE 1250<br>ATLANTA, GA 30328<br>UNITED STATES | ATTN: CHUCK RUGGIERO<br>TITLE: CHIEF EXECUTIVE OFFICER<br>PHONE: 678-250-0820<br>EMAIL: | TRADE PAYABLE | | | | $ 1,488,676 |
| 18 | PRO CUSTOM SOLAR, LLC DBA MOMENTUM SOLAR<br>3096B HAMILTON BLVD.<br>SOUTH PLAINFIELD, NJ 07080<br>UNITED STATES | ATTN: ARTHUR SOURITZIDIS<br>TITLE: CHIEF EXECUTIVE OFFICER<br>PHONE: 732-902-6224<br>EMAIL: ASOURITZIDIS@MOMENTUMSOLAR.COM | TRADE PAYABLE | | | | $ 1,377,308 |
| 19 | LEGACY SOLAR, LLC<br>301 S. QUINCY STREET<br>TOWANDA, IL 61776<br>UNITED STATES | ATTN: LUKE LUGINBUHL<br>TITLE: OWNER<br>PHONE: 309-231-3138<br>EMAIL: LUKE@LEGACYSOLARPOWER.COM | TRADE PAYABLE | | | | $ 1,347,226 |
| 20 | SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP<br>ONE MANHATTAN WEST<br>NEW YORK, NY 10001-8602<br>UNITED STATES | ATTN: ERIC J. FRIEDMAN<br>TITLE: EXECUTIVE PARTNER<br>PHONE: 212-735-3000<br>EMAIL: ERIC.FRIEDMAN@SKADDEN.COM<br>FAX: 212-735-2000 | TRADE PAYABLE | | | | $ 1,333,244 |
| 21 | SST CONSTRUCTION, LLC DBA SUNSYSTEM TECHNOLOGY<br>2731 CITRUS RD, STE D<br>RANCHO CORDOVA, CA 95742<br>UNITED STATES | ATTN: KURTIS BRINK<br>TITLE: PRESIDENT<br>PHONE: 844-477-8787<br>EMAIL: KBRINK@SSTSOLAR.COM | TRADE PAYABLE | | | | $ 1,258,455 |
| 22 | KAMTECH RESTORATION CORP. DBA KAMTECH SOLAR SOLUTIONS<br>203 SHERIDAN BLVD<br>INWOOD, NY 11096<br>UNITED STATES | ATTN: KRZYSZTOF KAMISNKI<br>TITLE: CHIEF EXECUTIVE OFFICER<br>PHONE: 718-260-6586<br>EMAIL: KKAMINSKI@KAMTECHSOLAR.COM | TRADE PAYABLE | | | | $ 1,141,992 |
| 23 | SMA SOLAR TECHNOLOGY AMERICA, LLC<br>SONNNALLEE 1<br>NIESTETAL, 34266<br>GERMANY | ATTN: DR.-ING. JURGEN REINERT<br>TITLE: CHIEF EXECUTIVE OFFICER<br>PHONE: +49 561 95 22-0<br>EMAIL:<br>FAX: +49 561 95 22-100 | TRADE PAYABLE | | | | $ 1,124,003 |
| 24 | DELOITTE FINANCIAL ADVISORY SERVICES LLP<br>30 ROCKEFELLER PLAZA, 41ST FLOOR<br>NEW YORK, NY 10112-0115<br>UNITED STATES | ATTN: ANTHONY VIEL<br>TITLE: CHIEF EXECUTIVE OFFICER<br>PHONE: 212-492-4000<br>EMAIL: AVIEL@DELOITTE.COM | TRADE PAYABLE | | | | $ 1,111,587 |
| 25 | AKIN GUMP STRAUSS HAUER & FELD LLP<br>2001 K STREET, NW<br>WASHINGTON, DC 20006-1037<br>UNITED STATES | ATTN: KIM KOOPERSMITH<br>TITLE: PARTNER & CHAIRPERSON<br>PHONE: 202-887-4000<br>EMAIL: KKOOPERSMITH@AKINGUMP.COM<br>FAX: 212-872-1002 | TRADE PAYABLE | | | | $ 1,100,000 |
| 26 | ORACLE CREDIT CORPORATION<br>2300 ORACLE WAY<br>AUSTIN, TX 78741<br>UNITED STATES | ATTN: SAFRA CATZ<br>TITLE: CHIEF EXECUTIVE OFFICER<br>PHONE: 737-867-1000<br>EMAIL: SAFRA.CATZ@ORACLE.COM<br>FAX: 905-219-8450 | TRADE PAYABLE | | | | $ 1,091,874 |
| 27 | SYNCRO CORPORATION<br>1030 SUNDOWN DR. NW<br>ARAB, AL 35016<br>UNITED STATES | ATTN: LARRY FLEMING<br>TITLE: PRESIDENT AND CHIEF EXECUTIVE OFFICER<br>PHONE: 256-931-7800<br>EMAIL: LARRYFLEMING@SYNCROCORP.COM | TRADE PAYABLE | | | | $ 973,511 |
| 28 | EARTHLIGHT TECHNOLOGIES, LLC<br>128 WEST RD<br>ELLINGTON, CT 06029<br>UNITED STATES | ATTN: TIM SCHNEIDER<br>TITLE: CHIEF EXECUTIVE OFFICER<br>PHONE: 860-871-9700<br>EMAIL: | TRADE PAYABLE | | | | $ 948,975 |
| 29 | REVOLV GLOBAL, INC.<br>2443 FILLMORE STREET, SUITE 505<br>SAN FRANCISCO, CA 94115<br>UNITED STATES | ATTN: SCOTT DAVIDSON<br>TITLE: CHIEF EXECUTIVE OFFICER<br>PHONE: 628-239-4575<br>EMAIL: SDAVIDSON@REVOLV.US | VEHICLE LEASES | CONTINGENT, UNLIQUIDATED | | | $ 137,293<br>+ UNDETERMINED AMOUNTS |
| 30 | U.S. SECURITIES AND EXCHANGE COMMISSION<br>100 F STREET, NE<br>WASHINGTON, DC 20549<br>UNITED STATES | ATTN: GARY GENSLER<br>TITLE: CHAIRMAN<br>PHONE: 202-551-2100<br>EMAIL: CHAIR@SEC.GOV | LITIGATION | CONTINGENT, UNLIQUIDATED, DISPUTED | | | UNDETERMINED |

| Fill in this information to identify the case and this filing: |
|---|

Debtor Name        **Blue Raven Solar Holdings, LLC**

United States Bankruptcy Court for the:        **District of Delaware**

(State)

Case number (If known):

## Official Form 202
## Declaration Under Penalty of Perjury for Non-Individual Debtors        12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

### █ Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐   *Schedule A/B: Assets-Real and Personal Property (Official Form 206A/B)*

☐   *Schedule D: Creditors Who Have Claims Secured by Property (Official Form 206D)*

☐   *Schedule E/F: Creditors Who Have Unsecured Claims (Official Form 206E/F)*

☐   *Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G)*

☐   *Schedule H: Codebtors (Official Form 206H)*

☐   *Summary of Assets and Liabilities for Non-Individuals (Official Form 206Sum)*

☐   Amended Schedule

☒   *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders (Official Form 204)*

☒   Other document that requires a declaration **List of Equity Security Holders, Corporate Ownership Statement, and Certification of Creditor Matrix**

I declare under penalty of perjury that the foregoing is true and correct.

| Executed on | **08/05/2024** | ☒ */s/ Matthew Henry* |
|---|---|---|
|  | MM/DD/YYYY | Signature of individual signing on behalf of debtor |
|  |  | **Matthew Henry** |
|  |  | Printed name |
|  |  | **Chief Transformation Officer** |
|  |  | Position or relationship to debtor |

Official Form 202                Declaration Under Penalty of Perjury for Non-Individual Debtors

**OMNIBUS UNANIMOUS
WRITTEN CONSENT IN LIEU OF A
SPECIAL MEETING OF THE APPLICABLE GOVERNING BODIES**

**August 4, 2024**

The undersigned, being (a) a member of the board of directors of SunPower Corporation, Systems; (b) all members of the boards of managers of Blue Raven Solar Holdings, LLC, BRS Field Ops, LLC, and Blue Raven Solar, LLC; (c) all members of the board of managers of SunPower Capital Services, LLC; (d) the member of SunPower North America, LLC and SunPower HoldCo, LLC; (e) the member of SunPower Capital, LLC; and (f) the sole member of the board of directors of Falcon Acquisition HoldCo, Inc. (the companies in clauses (a) through (f), each, a "Company" or a "Filing Entity" and, collectively, the "Companies" or the "Filing Entities") (each governing body in clauses (a) through (f), the "Boards") pursuant to each Company's applicable governing document (the "Governing Agreement"), and the respective laws of the state of formation of each Company:

**CHAPTER 11 FILING**

**WHEREAS**, each Board has considered presentations by such Filing Entity's management (the "Management") and financial and legal advisors (collectively, the "Advisors") regarding the assets, liabilities, and liquidity of such Filing Entity, the strategic and financial alternatives available to it, and the effect of the foregoing on each Filing Entity's business; and

**WHEREAS**, each Board has had the opportunity to consult with Management and the Advisors and has fully considered each of the strategic and financial alternatives available to each Filing Entity.

**NOW, THEREFORE, BE IT:**

**RESOLVED**, that in the business judgment of each Board, it is desirable and in the best interests of each Filing Entity (including a consideration of its creditors and other parties in interest) that each Filing Entity shall be, and hereby is, in all respects, authorized to file, or cause to be filed, a voluntary petition for relief commencing a case (the "Chapter 11 Cases") under the provisions of chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") or other court of competent jurisdiction; and

**RESOLVED**, that any of the Principal Executive Officer, President, Chief Financial Officer, Chief Transformation Officer, Secretary or any other duly-appointed officer of each Filing Entity (collectively, the "Authorized Signatories"), acting alone or with one or more other Authorized Signatories be, and they hereby are, authorized, empowered, and directed to execute and file on behalf of each Filing Entity all petitions, schedules, lists, and other motions, papers, or documents, and to take any and all action that they deem necessary or proper to obtain such relief, including, without limitation, any action necessary to maintain the ordinary course operation of each Filing Entity's business.

## RETENTION OF PROFESSIONALS

**RESOLVED**, that each of the Authorized Signatories be, and they hereby are, authorized and directed to employ the law firm of Kirkland & Ellis LLP and Kirkland & Ellis International LLP (together, "Kirkland"), as bankruptcy counsel, to represent and assist each Filing Entity in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance each Filing Entity's rights and obligations, including filing any motions, objections, replies, applications, or pleadings; and in connection therewith, each of the Authorized Signatories, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of Kirkland;

**RESOLVED**, that each of the Authorized Signatories be, and they hereby are, authorized and directed to employ the law firm of Richards, Layton & Finger, P.A. ("Richards Layton"), as local bankruptcy counsel, to represent and assist each Filing Entity in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance each Filing Entity's rights and obligations, including filing any motions, objections, replies, applications, or pleadings; and in connection therewith, each of the Authorized Signatories, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of Richards Layton;

**RESOLVED**, that each of the Authorized Signatories be, and they hereby are, authorized and directed to employ the firm of Alvarez & Marsal North America, LLC ("A&M"), as financial advisor, to represent and assist each Filing Entity in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance each Filing Entity's rights and obligations; and in connection therewith, each of the Authorized Signatories, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of A&M;

**RESOLVED**, that each of the Authorized Signatories be, and they hereby are, authorized and directed to employ the firm of Moelis & Company LLC ("Moelis"), as investment banker, to represent and assist each Filing Entity in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance each Filing Entity's rights and obligations; and in connection therewith, each of the Authorized Signatories, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of Moelis;

**RESOLVED**, that each of the Authorized Signatories be, and they hereby are, authorized and directed to employ the firm of Epiq Systems, Inc. ("Epiq"), as notice and claims agent, to represent and assist each Filing Entity in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance each Filing Entity's rights and obligations; and in connection therewith, each of the Authorized Signatories, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed appropriate applications for authority to retain the services of Epiq;

**RESOLVED**, that each of the Authorized Signatories be, and they hereby are, authorized and directed to employ any other professionals to assist each Filing Entity in carrying out its duties under the Bankruptcy Code; and in connection therewith, each of the Authorized Signatories, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers and fees, and to cause to be filed an appropriate application for authority to retain the services of any other professionals as necessary; and

**RESOLVED**, that each of the Authorized Signatories be, and they hereby are, with power of delegation, authorized, empowered, and directed to execute and file all petitions, schedules, motions, lists, applications, pleadings, and other papers and, in connection therewith, to employ and retain all assistance by legal counsel, accountants, financial advisors, and other professionals and to take and perform any and all further acts and deeds that each of the Authorized Signatories deem necessary, proper, or desirable in connection with each Filing Entity's Chapter 11 Case, with a view to the successful prosecution of such case.

## GOVERNANCE MATTERS

**RESOLVED**, that Matthew Henry is hereby appointed to serve as the Chief Transformation Officer of each Filing Entity.

## CASH COLLATERAL AND ADEQUATE PROTECTION

**RESOLVED**, that the Filing Entities will obtain benefits from the use of collateral, including cash collateral, as that term is defined in section 363(a) of the Bankruptcy Code (the "Cash Collateral"), which is security for the Filing Entities' respective obligations under (a) that certain credit agreement, dated as of September 12, 2022 (as modified from time to time, the "First Lien Credit Agreement"), by and among SunPower Corporation, as borrower; Falcon Acquisition HoldCo, Inc. and the Filing Entities, as guarantors; the lenders and letter of credit issuers party thereto from time to time; and Bank of America, N.A., as administrative agent and collateral agent; (b) that certain credit agreement, dated as of February 14, 2022 (as modified from time to time, the "Second Lien Credit Agreement") by and among SunPower Corporation, as borrower; Falcon Acquisition HoldCo, Inc. and the Filing Entities, as guarantors; the lenders party thereto from time to time; and GLAS USA LLC, as administrative agent and collateral agent; and (c) that certain secured continuing standby letter of credit agreement, dated as of October 4, 2021, by and among SunPower Corporation, as account party; and the bank party thereto (the "L/C Secured Party," and together with the secured parties under the First Lien Credit Agreement and the Second Lien Credit Agreement, the "Secured Parties");

**RESOLVED**, that in order to use and obtain the benefits of the Cash Collateral, and in accordance with section 363 of the Bankruptcy Code, the Filing Entities will provide certain adequate protection to the Secured Parties (such obligations, "Adequate Protection Obligations"), as documented in proposed interim and final orders (the "Cash Collateral Orders") to be submitted for approval of the Bankruptcy Court, with each Board having been apprised of the material terms and provisions of the Cash Collateral Orders;

**RESOLVED**, that the form, terms, and provisions of the Cash Collateral Orders, and the actions and transactions contemplated thereby be, and hereby are authorized, adopted, and

3

approved in all respects, and each of the Authorized Signatories of the Filing Entities be, and hereby is, authorized and empowered, in the name of and on behalf of the Filing Entities, to take such actions and negotiate or cause to be prepared and negotiated and to perform, and cause the performance of, the Cash Collateral Orders;

**RESOLVED**, each of the Authorized Signatories be, and hereby is, authorized, empowered, and directed in the name of, and on behalf of, each Company to seek authorization and approval to use Cash Collateral pursuant to the Cash Collateral Orders, and any Authorized Signatory be, and hereby is, authorized, empowered, and directed to negotiate, execute, and deliver any and all agreements, instruments, or documents, by or on behalf of each Company, relating to the use of Cash Collateral in connection with the Chapter 11 Cases, all with such changes therein and additions thereto as any Authorized Signatory approves, such approval to be conclusively evidenced by the taking of such action or by the execution and delivery thereof; and

**RESOLVED**, that the Filing Entities, as debtors and debtors in possession under the Bankruptcy Code be, and hereby are, authorized to incur the Adequate Protection Obligations, including granting liens on their respective assets to secure such obligations.

## ASSET PURCHASE AGREEMENT

**WHEREAS**, Complete Solaria, Inc. (the "Stalking Horse Bidder") and each Company and its Advisors have negotiated the terms of that certain asset purchase agreement (the "APA") to govern the Stalking Horse Bidder's purchase of certain of the Companies' assets, as set forth in the APA (the "Purchased Assets"), subject to the Companies' receipt of a higher or otherwise better offer and a "fiduciary out;"

**WHEREAS**, the Board has reviewed the APA (together with the other certificates, documents, agreements, and schedules contemplated under the APA, the "APA Documents"), and after due consideration and deliberation, determined that each of the transactions contemplated by the APA and the APA Documents (the "APA Transactions") are advisable and in the best interests of each of the Companies, their respective stockholders or members, their creditors and the other parties in interest; and

**WHEREAS**, the APA Transactions are subject to the Filing Entities filing a motion (the "Sale Motion") with the Bankruptcy Court, seeking, among other things, approval of an auction process that will govern the marketing and sale of the Purchased Assets through certain bidding procedures to the Stalking Horse Bidder or another bidder with the highest or otherwise best offer (such bidder, the "Successful Bidder").

**NOW, THEREFORE, BE IT:**

**RESOLVED**, that each Company is authorized to enter into the APA Documents and APA with the Stalking Horse Bidder for the sale of the Purchased Assets and to undertake any and all related transactions contemplated thereby, including the APA Transactions and an auction (if necessary), on the terms contained therein or on such other terms and conditions as the Authorized Signatories, or any of them, in their, his or her sole discretion, determine to be necessary, appropriate or desirable;

4

**RESOLVED**, that each of the Authorized Signatories of each of the Companies be, and hereby are, authorized, directed, and empowered in the name of, and on behalf of, each such Company to execute the APA and APA Documents, and to execute and file, on behalf of the Companies, the Sale Motion with the Bankruptcy Court; and

**RESOLVED**, that each of the Authorized Signatories of each of the Companies be, and hereby are, authorized, directed, and empowered in the name of, and on behalf of, each such Company to conduct an auction (if necessary) through the bidding procedures as approved by the Bankruptcy Court pursuant to the Sale Motion and to negotiate, for and on behalf of the Companies, such agreements, documents, assignments, and instruments as may be necessary, appropriate, or desirable in connection with the sale to the Successful Bidder.

## GENERAL

**RESOLVED**, that in addition to the specific authorizations heretofore conferred upon the Authorized Signatories, each of the Authorized Signatories (and their designees and delegates) be, and they hereby are, individually authorized and empowered, in the name of and on behalf of each Filing Entity, to take or cause to be taken any and all such other and further action, and to execute, acknowledge, deliver, and file any and all such agreements, certificates, instruments, and other documents and to pay all expenses, including but not limited to filing fees, in each case as in such Authorized Signatory's judgment, shall be necessary, advisable, convenient, or desirable in order to fully carry out the intent and accomplish the purposes of the resolutions adopted herein;

**RESOLVED**, that each Board has received sufficient notice of the actions and transactions relating to the matters contemplated by the foregoing resolutions, as may be required by the organizational documents of each Filing Entity, or hereby waive any right to have received such notice;

**RESOLVED**, that all acts, actions, and transactions relating to the matters contemplated by the foregoing resolutions done in the name of and on behalf of each Filing Entity, which acts would have been approved by the foregoing resolutions except that such acts were taken before the adoption of these resolutions, are hereby in all respects approved and ratified as the true acts and deeds of each Filing Entity with the same force and effect as if each such act, transaction, agreement, or certificate has been specifically authorized in advance by resolution of each Board; and

**RESOLVED**, that each of the Authorized Signatories (and their designees and delegates) be, and hereby is, authorized and empowered to take all actions or to not take any action in the name of each Filing Entity with respect to the transactions contemplated by these resolutions hereunder, as such Authorized Signatory shall deem necessary or desirable in such Authorized Signatory's reasonable business judgment as may be necessary or convenient to effectuate the purposes of the transactions contemplated herein.

\* \* \*

5

Docusign Envelope ID: 6ACC42F5-B995-4645-A227-A85B544F9D5A

**IN WITNESS WHEREOF**, the undersigned have executed this written consent as of the date above first written.

BOARD OF DIRECTORS OF
SUNPOWER CORPORATION, SYSTEMS

_____
SAM LEE

IN WITNESS WHEREOF, the undersigned have executed this written consent as of the date above first written.

BOARDS OF MANAGERS OF
BLUE RAVEN SOLAR HOLDINGS, LLC,
BRS FIELD OPS, LLC, AND
BLUE RAVEN SOLAR, LLC

_Elizabeth Eby_
_____
ELIZABETH EBY

_Reed Farnsworth_
_____
REED FARNSWORTH

_John Zavaglia_
_____
JOHN ZAVAGLIA

Docusign Envelope ID: C5578Z9E-A848-4A20-8D33-A873022A4C47

**IN WITNESS WHEREOF**, the undersigned have executed this written consent as of the date above first written.

BOARD OF MANAGERS OF
SUNPOWER CAPITAL SERVICES, LLC

_____
ANDREW BRUCE

_____
JENNIFER JOYCE

Docusign Envelope ID: C5578Z9E-A848-4A20-8D33-A873022A4C47

Docusign Envelope ID: 40D4DB83-453C-4935-8DBA-E1347E8FB8AB

**IN WITNESS WHEREOF**, the undersigned has executed this written consent as of the date above first written.

MEMBER OF SUNPOWER NORTH AMERICA, LLC AND SUNPOWER HOLDCO, LLC

SUNPOWER CORPORATION

BY: *Elizabeth Eby*
_____
NAME: ELIZABETH EBY
TITLE: AUTHORIZED SIGNATORY

**IN WITNESS WHEREOF**, the undersigned has executed this written consent as of the date above first written.

**MEMBER OF SUNPOWER CAPITAL, LLC**

SUNPOWER HOLDCO, LLC

BY: _____Elizabeth Eby_____

NAME: ELIZABETH EBY
TITLE:  AUTHORIZED SIGNATORY

**IN WITNESS WHEREOF**, the undersigned have executed this written consent as of the date above first written.

BOARD OF DIRECTORS OF FALCON ACQUISITION HOLDCO, INC.

*Elizabeth Eby*

ELIZABETH EBY

# EXHIBIT C

**Department of State: Division of Corporations**

[Allowable Characters](#)

**HOME**

### Entity Details

**THIS IS NOT A STATEMENT OF GOOD STANDING**

| | | | |
|---|---|---|---|
| File Number: | **6259553** | Incorporation Date / Formation Date: | **9/23/2021** (mm/dd/yyyy) |
| Entity Name: | **FALCON ACQUISITION HOLDCO, INC.** | | |
| Entity Kind: | **Corporation** | Entity Type: | **General** |
| Residency: | **Domestic** | State: | **DELAWARE** |

**REGISTERED AGENT INFORMATION**

| | | | |
|---|---|---|---|
| Name: | **UNASSIGNED AGENT** | | |
| Address: | | | |
| City: | | County: | |
| State: | **NullValue** | Postal Code: | **95050** |
| Phone: | | | |

Additional Information is available for a fee. You can retrieve Status for a fee of $10.00 or more detailed information including current franchise tax assessment, current filing history and more for a fee of $20.00.

Would you like  ○ Status  ○ Status,Tax & History Information

[Submit]

[New Entity Search]

For help on a particular field click on the Field Tag to take you to the help area.

site map  |  privacy  |  about this site  |  contact us  |  translate  |  delaware.gov