UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| LEANNE and SCOTT SEELEY, | CASE NO. C25-6032 BHS |
| Plaintiffs, | ORDER |
| v. | |
| BLUE RAVEN SOLAR LLC, et al., | |
| Defendants. | |

THIS MATTER is before the Court on pro se plaintiffs Scott and Leanne Seeley's motion to remand, Dkt. 7. In October 2025, Seeley[1] sued defendants Blue Raven Solar, Complete Solar, and Sunstrong Management in Pierce County Superior Court. She asserted state breach of contract and federal Truth in Lending Act claims, based on purchase, financing, and installation of allegedly defective Blue Raven solar panels on her home. She sought more than $200,000 in damages. Dkt. 1-1.

---

[1] The Court uses the singular, feminine "Seeley" for clarity and ease of reference.

ORDER - 1

In November, Defendants removed the case based on federal question and diversity jurisdiction, asserting that Seeley was a Washington citizen and all defendants were citizens of other states. Dkt. 1.

Seeley filed an amended complaint the next day, deleting her federal claims. Dkt. 6. She also filed a motion to remand based on the amended complaint, asserting that the Court should decline to exercise supplemental jurisdiction over her remaining state law claims. Dkt. 7 at 2 (citing 28 U.S.C. § 1367(c)(3)). She argues that defendants did not establish the Court's diversity jurisdiction because the notice of removal did not identify the citizenship of the LLCs or the citizenship of the LLC's members. *Id*. at 3 (citing *Lindley Contours, LLC v. AABB Fitness Holdings, Inc*., 414 F. App'x 62, 64 (9th Cir. 2011)).

Defendants' response is succinct and accurate:

> The Notice of Removal did *not* incorrectly plead the LLCs like corporations for diversity purposes. Instead, it pled that the sole member of Blue Raven Solar, LLC is a citizen of Delaware and California, and that all members of SunStrong Management, LLC are citizens of Delaware, California, and Maryland. Complete Solar, a corporation, is a citizen of Delaware and Utah. Because Plaintiffs are citizens of Washington, this Court has diversity jurisdiction.

Dkt. 13 at 2. They contend that the parties are of diverse citizenship and that Seeley's amended complaint continues to place more than the $75,000 jurisdictional threshold at issue. *Id*. Defendants argue that the Court has subject matter jurisdiction over the case and that the motion to remand should be denied.

The Court agrees. The initial removal was proper based on Seeley's federal claims, and her request for § 1447 fees on remand is **DENIED**.

| | |
|---|---|
| 1 | The party asserting federal jurisdiction has the burden of proof on a motion to remand to state court. *Conrad Associates v. Hartford Accident & Indemnity Co.*, 994 F. Supp. 1196, 1198 (N.D. Cal. 1998). The removal statute is strictly construed against removal jurisdiction. *Id.* The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing removal is proper. *Id.* It is obligated to do so by a preponderance of the evidence. *Id.* at 1199; *see also Gaus v. Miles*, 980 F.2d 564, 567 (9th Cir. 1992). Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance. *Gaus*, 980 F.2d at 566. |

The party asserting federal jurisdiction has the burden of proof on a motion to remand to state court. *Conrad Associates v. Hartford Accident & Indemnity Co.*, 994 F. Supp. 1196, 1198 (N.D. Cal. 1998). The removal statute is strictly construed against removal jurisdiction. *Id.* The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing removal is proper. *Id.* It is obligated to do so by a preponderance of the evidence. *Id.* at 1199; *see also Gaus v. Miles*, 980 F.2d 564, 567 (9th Cir. 1992). Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance. *Gaus*, 980 F.2d at 566.

Even against this standard, defendants have demonstrated that the parties are diverse and the amount in controversy exceeds the jurisdictional threshold. The motion to remand is **DENIED**.

**IT IS SO ORDERED**.

Dated this 8th day of January, 2026.

_____
BENJAMIN H. SETTLE
United States District Judge